# WHEELING.

<div style="float:right">23 635<br>52 578</div>

CHARLESTON L. & M. Co. v. BROCKMEYER.

Submitted January 16, 1884—Decided March 22, 1884.

1. Upon the disaffirmance of a void judicial sale the purchaser should be placed in *statu quo*. To do this where no improvements have been put on the property, he must receive back his purchase-money with interest, and be charged with the reasonable rents and profits of the property while in his possession less the taxes paid by him. (p. 638.)

The opinion of the Court contains a statement of the facts of the case.

*A. Burlew* for appellant.

*J. H. & J. F. Brown* for appellee.

JOHNSON, PRESIDENT:

The plaintiff filed its bill to enforce a mechanic's lien against the separate real estate of the defendant, Mrs. C. A. Brockmeyer. The court below rendered a decree of sale to pay first, the balance of purchase-money due on the lot, and next the claim of the plaintiff. The property was sold, and one Mary K. Gilliland became the purchaser at six hundred

and five dollars, paid to the commissioner the down-payment of one hundred and fifty-one dollars and twenty-five cents, and executed her bonds for the residue, and the sale was confirmed. The plaintiff appealed to this Court, which reversed the several decrees of the court below and held, that in enforcing a mechanic's lien against the separate estate of a married woman the *rents* and *profits* of the estate could be subjected, but not the *corpus* of the property. 18 W. Va. 586. This Court by its mandate remanded the cause to the circuit court with instructions "to set aside the sale of the house and lot to Mrs. Mary K. Gilliland, and to have the moneys which have been paid by her on such sale refunded, and her purchase-money bonds given up, and such other steps taken as will restore her to the position she was in before such purchase was made by her."

After the cause had been remanded, to-wit, on July 8, 1882, the complainant filed a supplemental bill, and process was ordered to issue thereon. The bill alleged, that Mrs. Mary K. Gilliland, the purchaser of the property, had been put into possession of the property by the commissioner, who sold the same to her under a decree of the court, and that she had been in the quiet and peaceable possession of the same from June —, 1878, until the present. That a fair rental value of said premises is not less than one hundred and fifty dollars per year, but that said Mrs. Gilliland had paid no rent whatever, and that she is indebted for said rent in the sum of six hundred dollars, and further that she is insolvent; that the special commissioner under the decree of the court had disbursed nearly all the down-payment of one hundred and fifty-one dollars and twenty-five cents, which she had made, in payment of the expenses of the suit and for taxes due on the premises; that an account should be had with said Mrs. Gilliland before any portion of the money paid by her should be refunded, and before the bonds given by her should be surrendered to her, &c., and prays for general relief.

On June 11, 1882, the cause came on to be heard "upon the papers heretofore filed and orders made in said cause, and the mandate of the Supreme Court of Appeals entered therein, and being argued by counsel was submitted to the

court, upon mature consideration whereof it is adjudged, ordered and decreed, that the sale heretofore made in this cause of the property herein sought to be subjected to Mrs. Mary K Gilliland be and the same is hereby set aside. And it is further ordered and decreed, that special commissioner, A. Burlew, do forthwith refund to said purchaser the cash paid by her upon said sale, to-wit, the sum of one hundred and fifty-one dollars and twenty-five cents and deliver up to her the bonds executed by her for the residue of said purchase-money, &c." It is added to said decree, that "the plaintiff objected to the entry of this decree, or any decree at this time." From this decree the plaintiff appealed.

It is argued, that the plaintiff is not injured by the decree and therefore has no right to appeal. This Court had decided, that the only way in which the company could enforce its mechanic's lien against this property, the estate of a married woman, was by a rental of the property; that it could not sell the *corpus*. It certainly was intended then that Mrs. Gilliland should account for the four years' rents and profits while she was in possession under her purchase. But it is further claimed that the question, whether she should have the one hundred and fifty-one dollars and twenty-five cents paid by her refunded is *res judicata*, that the court by its mandate in express terms required the purchase-money which she had paid to be *refunded* to her. True, and the court says further to have such other steps taken "as will restore her to the position she was in before such purchase was made by her." If it is true, that the property was worth one hundred and fifty dollars per year, and if she had in fact rented the property to some one else, and had received in rent during the four years she was in possession six hundred dollars, and now the one hundred and fifty-one dollars and twenty-five cents should with its interest be paid back to her, would she be in the "position she was in before such purchase was made by her?" Would she not be just six hundred dollars less the taxes better off, if she had expended nothing on the property? And if she were given credit on the rent which she owed, would not that be within the spirit of the mandate *refunding* to her what she had paid?

But it is insisted for appellee, Mrs. Mary R. Gilliland, that

she cannot upon the sale being set aside be charged with rents and profits, while she occupied it under the void judicial sale. *Caveat emptor* applies to a purchaser at a judicial sale. *Capehart* v. *Dowery,* 10 W. Va. 130. At such sale a purchaser takes the property subject to the final order of the court, and in this case that order was to be entered in obedience to the mandate of the Appellate Court.

We held in *Haymond* v. *Camden,* 22 W. Va. 180, that a purchaser of land sold under a decree of court becomes a party to the suit from the time of his purchase, and subjects himself to the orders of the court in all subsequent proceedings. A purchaser having purchased land under a void decree is entitled on a disaffirmance of the sale to be substituted to the rights of the creditor, and to charge the land with the amount of the debt paid by him. The rents and profits less the taxes received by the purchaser, whilst in possession of the land, should be deducted from the amount for which he is entitled to charge it, and he should have a decree charging the land for the balance.

To put Mrs. Gilliland *in statu quo,* there not appearing to have been any improvements put upon the lot by her, she should receive back her bonds executed for the residue of the purchase-money, and there should be refunded to her the one hundred and fifty-one dollars and twenty-five cents cash paid by her with interest thereon from the time of payment, and she should be charged reasonable rents and profits, less taxes paid by her for the time she had the house and lot in her possession. If the rents and profits should be less than the money paid by her, and interest thereon, she would have the right to charge the house and lot for any balance; if however the rents and profits should exceed the money paid with interest for such balance, after crediting her with such payment and interest, a personal decree should be had against her. This is not only what equity requires, but it is sustained by the authorities. *Haymond* v. *Camden, supra; Hudgins* v. *Hudgins,* 6 Gratt. 320; Freeman on Void Judicial Sales 76, 85, and cases cited. The court erred in the decree it entered. It did not follow the mandate of this Court, either in its letter or spirit. It should have waited until the process on the supplemental bill had been executed and said bill

matured for hearing, and then have directed an account of the rents and profits to be taken, if it appeared that the purchaser had been put in possession of the property, and upon the filing of the commissioner's report, entered a proper decree putting the purchaser in the position in which she was before the purchase. The decree must therefore be reversed at the costs of Mrs. Mary K. Gilliland, and the cause remanded for further proceedings.

REVERSED.   REMANDED.