# CHARLESTON.

HOBACK *v.* MILLER *et al.*

Submitted January 19, 1898—Decided April 6, 1898.

1. DOWER—*Sale in Lieu of Dower—Void Decree.*
   A widow, merely on her right to dower, cannot file a bill to
   sell the heir's fee simple, and get money from its sale in lieu of
   dower in kind. A decree of sale in such case is void,—confers no
   title,—and is not merely erroneous. (p. 637).

2. EQUITY—*Lands of Infants.*
   Courts of Equity have no inherent power to sell the lands of in-
   fants, and can do so only as statutes enable them to do so. (p.
   638).

3. PURCHASER *Bona fide Purchaser- Jurisdiction—Notice.*
   A purchaser from a purchaser under a decree void for want of
   jurisdiction will not be regarded a *bona fide* purchaser without
   notice. He is bound to know the want of jurisdiction in the case.
   (p. 640).

Appeal from Circuit Court, Cabell County.

Suit by Henry Stanton Hoback, by his next friend, against Annie M. Miller and others, to set aside a decree of sale, and the sales made thereunder. There was a decree for plaintiff, and the Mutual German Savings & Loan Association, defendant, appeals.

*Affirmed.*

.J. B. SUMMERVILLE and JOHN B. WILSON, for appellant.

WILLIAMS, SCOTT & LOVETT, for appellees.

BRANNON, PRESIDENT:

In 1893 Annie M. Miller, solely under right to dower as widow of her deceased husband, J. T. Hoback, in a lot of land in Huntington, filed her bill, making Henry Stanton Hoback (infant, and only heir of his father) defendant, and alleging that the land was not susceptible of partition or allotment without detriment to the property, and praying that her dower be assigned and set apart to her, and that, if the property was not susceptible of allotment of dower in kind, it be sold, and she be given a gross sum in lieu of dower in kind. Under a decree in said suit the land was sold, and purchased by Mrs. Miller. Later she gave a deed of trust on the property to the Wheeling Title & Trust Company, to secure a loan made to her by the Mutual German Savings & Loan Association. A sale was made under this trust to said savings association. Still later, said infant, Henry Stanton Hoback, filed a bill to set aside said decree of sale, and the sale and deed of trust, and the sale under it; and, a decree having been rendered granting such relief, said savings and loan association appealed.

The briefs are very pointed, able, and helpful in the decision of the case. It is clear that an infant, until six months after majority, may set aside a decree prejudicial to him, for mere error. *Lafferty* v. *Lafferty*, 42 W. Va. 783, (26 S. E. 262). As the sale itself is attacked in this case, and title conferred by it on Mrs. Miller, and that conferred on third parties by her deed of trust is sought to be annulled, we are led to inquire whether the decree is not merely erroneous, but void. Mrs. Miller had right to

file her bill for dower, and so far the court plainly had jurisdiction of the cause; but does that impart any virtue to the decree of sale? In other words, conceding that a widow, on her title to dower, cannot file a bill to sell the heir's land, and that a decree of sale in such a suit would be void, does the fact that the court had jurisdiction of the bill, as a suit to get dower, give any efficacy to the decree of sale, so as to render it merely erroneous, not void, —mere irregular action in a case of clear jurisdiction, giving only wrong relief; not as if done in a case of no jurisdiction? I conclude that it would not; that we must inquire as to the act done,—the decree of sale,—viewed as if upon her bill to secure a sale only. Though having jurisdiction for one purpose, a decree for alternative relief cannot transcend the law applicable to the case. *Windsor* v. *McVeigh*, 93 U. S. 274. A widow entitled to dower is entitled, by the common law, to a part of the realty itself, to be set out by metes and bounds, or a particular room in a house; or, if insusceptible of such assignment, then every third toll dish in a mill, or occupancy for a third of the time, or third of the rent. 2 Minor, Inst 159; 2 Scrib. Dower, p. 80, § 16. This is the rule of dower by common right, at the hands of the law. It follows that a widow has no sort of right to sue to sell forever from the heir the fee simple, that she may get satisfaction for her small estate out of the money. Having no right but to dower in kind, it is absurd to say that she can call upon the law to divest the child of his patrimonial estate. The common law, which gives birth to her right, contemplates no such thing. By common law, a widow is entitled to dower in kind in land owned by her husband during the wedlock, whether owned by him at his death, or sold during his life. Statute makes her take money dower, if the alienee desires, in lands sold by or from him during his life, but no statute gives her right to force a sale. Counsel for appellant cite *White* v. *White*, 16 Grat. 264, and *Simmons* v. *Lyles*, 27 Grat. 922, to the effect that if the property is insusceptible of assignment in kind, in a suit for partition, it may be sold, and she paid money in lieu of dower in kind, and would thence deduce the correlative right of the widow to force a sale upon the heirs; but, if those cases be correct, I know

of none sustaining the widow's right to sell the freehold, out and out, to get money commutation for her dower. The common law warrants no such remedy to her. Nor can we base it on general principles of equity jurisdiction; for, there being no such right by common law, equity will not afford a remedy without right. There is no right in equity to sell the lands of an infant, except so far as the statute enables equity to convert this land into money. The common law preserves his inheritance until his majority, and ties his hands from its waste and sacrifice, by imposing disability upon him. *Faulkner* v. *Davis*, 18 Grat. 663; Bart. Ch. Prac. p. 551, § 170; 2 White & T. Lead. Cas. Eq. pt. 2. p. 1504. Mrs. Miller based her right to sue only on her dower right, and on it she could not ask a sale. *Hull* v. *Hull's Heirs*, 26 W. Va. 1, holds that she has no estate enabling her to sue to sell the heir's land, and have her dower paid in money. She cannot sue to sell for her husband's debt. These considerations show the decree of sale to be erroneous; but is it void? This is most material; for, if only erroneous, Code, c. 132, s. 8, protects the title under the sale, as it says that, if a sale under decree be confirmed, no reversal or setting aside of the decree shall affect the purchaser's title.

The question next is, does the want of law to support the widow's bill to sell land render the decree void? Had the court jurisdiction to entertain a bill by a widow, without any other cause of action or right than her dower right, to sell an infant's land? The law of jurisdiction is close and complicated. There are many rules, but each case largely molds its decision. It is a serious matter to hold decrees and judgments void, on which titles rest, as in this case, and we must be clear in opinion to do so. One general rule is that, if the court has jurisdiction of cases *ejusdem generis* (of the same class), its judgment is not void, even if erroneous, because of some error in the mode of procedure, or because the facts did not warrant the judgment in that particular case. Test this case by this rule. The court has jurisdiction to sell land for debt in partition cases, in suits by guardians to sell infants' lands, as in those cases the law gives the right to act; but no law gave the right to act in this matter. The mere power to

sell land in some cases does not justify the exercise of such power in all cases, or any case, regardless of cause of action. Can a court sell land without cause? It can when the law gives the right to sell for a certain cause, though the facts or evidence in the particular case do not justify it. Its décree would in such case be only erroneous, not void. But where, for a given cause, it could not sell, though that cause be ever so well proven to exist, its action would be void, because under no circumstances, for that cause, could it sell. Such is this case. Though the court had the infant owner before it by due process, as also the *res* (the land), yet under no circumstances could the court, just because a widow had a dower right in it, sell it. A circuit court may send a man to the penitentiary for murder, but because it has the person before it, and in some cases can commit him to the penitentiary, it cannot do so for mere assault. Its sentence would be void. The court must have jurisdiction of the subject-matter,—not merely have the land before it, and the person, but must have legal cause for operating upon that person, as respects his land, and upon that land, as respects that person. That is the subject-matter in this case,—power to sell this infant's land for the cause given. It had no such power, under any circumstances, to do so for this cause. 1 Black, Judgm. § 240, says, "Whei e the tribunal has not general jurisdiction of the subject-matter under any circumstances, no averment can supply the defect, no amount of proof can alter the case, no consent can confer jurisdiction.'" So says point 5, *Haymond* v. *Camden*, 22 W. Va. 180; also, *Ambler* v. *Leach*, 15 W. Va. 683. The law gives, limits, or enlarges the jurisdiction of courts; and, where it does not give jurisdiction as to a subject-matter, any one may repudiate their action. Brown, Jur. § 10. Now, take the bill. On the facts stated in it, the law allowed the court to render no decree of sale. Those facts did not authorize it to begin an inquiry whether the property was susceptible of allotment of dower in kind, and, if not, then to sell it; for, even if not so susceptible, the court could not sell. The court could not take up or consider that question at all. This is a good test. Van Fleet, Coll. Attack, § 61. Surely, if, on the facts stated in a bill stating the ground

or cause of action on which the action of the court is asked, the court is utterly without power to act,—to even inquire,—it cannot enter judgment. I hold the decree void. I think *Hull* v. *Hull's* Heirs, 26 W. Va. 1, will fully sustain this decision. That was a stronger case to sustain the decree than this, as the widow asked to have dower, and the land sold to pay her husband's debts, electing to take money, whereas in this case the widow based her prayer for sale solely on her dower right. The decree being void, not merely voidable, the sale under it, and the title vested under it, fall with the decree. *Hall* v. *Hall*, 12 W. Va. 1; *Haymond* v. *Camden*, 22 W. Va. 180; Ror. Jud. Sales, § 879; *Grinnan* v. *Edwards*, 21 W. Va. 347 (points 2 and 3).

The question occurred to me whether those claiming under the trust deed could be affected, as purchasers for value without notice,—the rule being that a court of equity will take no step against such a purchaser; but this is answered by the consideration that a purchaser is bound to notice rights of others appearing in his title, and defects of jurisdiction in the proceedings under which he claims. The bill in this case told them of this want of jurisdiction. They were bound to know the law. While a purchaser is bound to notice the rights of others appearing in his chain of title (16 Am. & Eng. Enc. Law, 798), the question arose in my mind whether he was bound to know the law, and put the proper legal construction on papers, and in this case to know that the law denied jurisdiction. The law binds him to properly construe wills and deeds, and know their law, and I do not see why the same principle does not apply where the record shows want of jurisdiction. Story, Eq. Jur. § 400; *Tongue* v. *Nutwell*, 79 Am. Dec. 649; *Fallon* v. *Chidester*, 26 Am. Rep. 164; *Johnson* v. *Thweatt*, 18 Ala. 741. Just now I recall that the case of *Williamson* v. *Jones*, 43 W. Va. 562, (27 S. E. 411), holds this doctrine, binding a purchaser to know the law of a case under which he purchased. For these reasons, we affirm the decree.

*Affirmed.*