(50 Misc. Rep. 426.)

## CASEY v. McGOWAN.

(Supreme Court, Special Term, New York County. May, 1906.)

WILLS—PROVISION FOR WIFE—ELECTION—NECESSITY.

Where testator specifically devised lands to his brothers and sisters, and to his wife all the residue of the estate, which was of much greater value than the lands devised to his brothers and sisters, the wife is entitled to dower in the lands.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 2018, 2019.]

Action by one Casey against Mary McGowan for partition. Order allowing dower to widow.

J. J. K. O'Kennedy, for plaintiff.
Charles P. Caldwell, for defendant.

LEVENTRITT, J. This is an action in partition. The sole issue is whether, under the will of Thomas McGowan, his widow takes dower in addition to the provision in her favor, or whether she was put to her election. The will is short. The first clause reads:

"I give, devise and bequeath my house No. 40 Hamilton Street to my brothers James and Bartley and to my sisters Bessie and Kate, share and share alike."

By the second clause certain nominal bequests are made. The third reads:

"All the rest, residue and remainder of my property, both real and personal, I give, devise and bequeath unto my beloved wife Mary McGowan."

There is no statement in the will that the provision for her is in lieu of dower. It is elementary that a widow is entitled to both dower and the benefit of a testamentary provision, unless the testator's intention to the contrary is expressly stated or clearly implied. Matter of Gorden, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689; Horstmann v. Flege, 172 N. Y. 381, 65 N. E. 202; Kimbel v. Kimbel, 14 App. Div. 570, 43 N. Y. Supp. 900; Closs v. Eldert, 30 App. Div. 338, 51 N. Y. Supp. 881. In Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494, it is said that the intention to put the widow to an election cannot be inferred from the extent of the provision, or because she is a devisee under the will for life or in fee, or because it may seem that to permit her to claim both the provision and dower would be unjust as a family arrangement, or even because it may be inferred in view of all the circumstances that, had the testator's intention been drawn to the subject, he would have expressly excluded dower (at page 129 of 104 N. Y., page 869 of 9 N. E. [58 Am. Rep. 494]).

There is no inconsistency on the face of this will. The devise to the brothers and sisters "share and share alike" is not repugnant to a claim of dower, as there may be a partition subject to its lien and a distribution share and share alike after satisfying the dower right. Closs v. Eldert, supra. A testator has no authority over the dower of his wife; it is given her by law and not by him; it is essentially a lien to

the benefits of which she is entitled in the same sense as if one of the devisees held a mortgage under similar circumstances. Id.

While no evidence was offered on the trial, it is admitted in the pleadings that the value of the residuary estate is many times that of the specific parcel devised to the testator's brothers and sisters. In construing a will to ascertain whether or not a provision is intended to be in lieu of dower, when such intention is not expressed, evidence may be given of the situation of the testator when the will was made and the circumstances then surrounding him. 11 Am. & Eng. Ency. of Law, 85. The intent, say the court in Matter of Gorden, supra, "must appear from the will itself read in the light of existing facts." I have been referred to no case where the intent to exclude dower was inferred merely from the disparity between the provisions for the widow and the other beneficiaries. While the fact that the gift to the widow is greater than her dower is entitled, with other facts, to weight, it has been held that such fact alone is not conclusive of an intent to exclude dower. 11 Am. & Eng. Ency. of Law, 89; Havens v. Havens, 1 Sandf. Ch. 324; Fuller v. Yates, 8 Paige, 325. In other words, the amount of the provision may be a material circumstance, but it is not controlling. In Havens v. Havens the gift to the wife was largely in excess of her dower amounting to nearly one-half of the whole estate. There, as here, brothers and sisters of the testator were the other beneficiaries. The Vice Chancellor said:

"This, to my mind, furnishes no reason whatever for implying that the testator intended to bar her dower. It is not what the court or the counsel would do in like circumstances that is to ascertain what the testator has done or intended to do. In this instance, it would have excited no great surprise if the testator had given the whole of his property to his wife. He left no children, and she was the only near and immediate object of his bounty. Because he devised to her these specific portions of his estate, I cannot infer that he resigned to deprive her of the provision which the law gave her by right of her marriage." At page 329 of 1 Sandf. Ch.

It follows, therefore, that the widow is entitled to dower in the parcel specifically devised.

Ordered accordingly.