### In re AMSINCK'S ESTATE.

(Surrogate's Court, New York County. April 18, 1913.)

WILLS ⬮═782—ELECTION BY WIDOW—TAKING IN ADDITION TO PROVISION IN WILL.

Where testator left an estate appraised at nearly $3,000,000, all going to the widow, with the exception of a few small bequests and devises, such widow not exercising any power of election between the devise and her dower right under Real Property Law (Consol. Laws, c. 50) § 201, she was entitled, not only to the fee of the realty specifically devised to her, but also to a dower interest therein, in the absence of provision in the will that the provisions for her were made in lieu of dower, since dower is favored by the law and never excluded by other provisions for the wife, except by express words or necessary implication.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. ⬮═782.]

In the matter of the estate of Gustav Amsinck, deceased. From an order fixing the tax upon the estate according to the transfer tax appraiser's report, allowing deductions from the decedent's realty in the state of the dower interest of his widow, the State Comptroller appeals. Order fixing tax affirmed.

Duer, Strong & Whitehead, of New York City, for petitioner.
Geller, Rolston & Horan, of New York City, for Florence Amsinck.
Thomas E. Rush, of New York City, for State Comptroller.

FOWLER, S. This is an appeal by the comptroller of the state of New York from the order fixing tax upon the estate of the above-named decedent according to the terms of the transfer tax appraiser's report filed in this court on the 15th of August, 1912, which allowed deductions from the decedent's real estate in this state of the dower interest of his widow, the amount thereof being $114,384. The decedent at the time of his death had an estate which is appraised by the transfer tax appraiser in his report as being valued at $2,774,811.-79, the real estate in the state of New York therein mentioned being valued at $645,000. Under the terms of decedent's will he devised to his widow all of his real estate in the state of New York and other interests in said estate, which are valued at $1,591,597, making in all

the amount of which his widow was the beneficiary the sum of $2,-236,597, which was upwards of 80 per cent. of his entire estate situated in this state. He devised a piece of real estate in Hamburg, Germany, to his sister, and to one whom he describes in his will as his faithful servant, Emma Reidy, he gave the sum of $10,000 and a lot of land situated in Summit, Union county, N. J., containing about 2½ acres of land, with the greenhouses thereon and the contents therein. He also gave to Maria Anna Van Duhn and her husband, during their joint lives and the life of their survivor, the use of the cottage and the grounds adjoining such cottage which they occupied on the decedent's property at Summit, N. J.

The widow of the decedent did not exercise any power of election in accordance with section 201 of the Real Property Law, and now contends that she is entitled, together with the fee of the real estate in the state of New York specifically devised to her, to a dower interest therein, inasmuch as there was no provision in the will of the decedent to the effect that the provision for her was made in lieu of dower. It seems to me that she is right in her contention. Dower is favored by the law, and it is never excluded by a provision for the wife, except by express words or by necessary implication. Where there are no express words, there must be upon the face of the will a demonstration of the testator that the widow shall not take both dower and the provision, and the only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility arising on the face of the will between a claim of dower and a claim to the benefit given by the will. Konvalinka v. Schlegel, 104 N. Y. 129, 9 N. E. 868, 58 Am. Rep. 494; Tobias v. Ketchum, 32 N. Y. 325, 326; Horstman v. Flege, 172 N. Y. 384, 65 N. E. 202. The respective devises made to the widow and the other persons mentioned, considered alone or in connection with the largeness of the gifts made for her benefit, are no evidence of such incompatibility, and are insufficient to put her to an election or to deprive her of dower in the lands devised to her. Casey v. McGowan, 50 Misc. Rep. 426, 100 N. Y. Supp. 538; Closs v. Eldert, 30 App. Div. 338, 339, 340, 51 N. Y. Supp. 881; Matter of Accounting of Frazer, 92 N. Y. 239; Konvalinka v. Schlegel, 104 N. Y. 129, 9 N. E. 868, 58 Am. Rep. 494.

The order entered on the report of the appraiser is sustained.