### SPRINGSTEEN v. SPRINGSTEEN et al.

(Supreme Court, Appellate Division, Second Department. May 5, 1916.)

1. WILLS 🗝️782(5)—ELECTION—PROVISIONS FOR WIFE.

   The devise of a life interest in her husband's residence did not put the widow to an election between the will and her dower right, although elsewhere in the will a trust was created which, as to lands so devised, could not be carried out without displacing the widow's dower rights in such other lands.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 2022; Dec. Dig. 🗝️782(5).]

2. DOWER 🗝️114(4)—PARTITION—SALE.

   Where actual partition of a widow's life interest in her husband's residence under his will and her dower interest in his realty is impracticable, the separate dower interest is not an available subject of sale, and cannot be charged on the fee in the hands of the remainderman.

   [Ed. Note.—For other cases, see Dower, Cent. Dig. § 377; Dec. Dig. 🗝️114(4).]

3. DOWER 🗝️10—APPLICATION OF REMEDIES.

   Where a husband aliens his lands in his lifetime, the widow's remedies to secure dower are first applied to lands unsold.

   [Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 20–35; Dec. Dig. 🗝️10.]

Appeal from Special Term, Kings County.

Action by Mary F. Springsteen against Walter F. Springsteen and another. From an interlocutory judgment for plaintiff, defendants appeal. Judgment modified, and, as modified, affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Edwin D. Kenyon, of Brooklyn, for appellant Springsteen.
Frank W. Harris, of New York City, for appellant Babcock.
Alexander S. Bacon, of New York City, for respondent.

🗝️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

PUTNAM, J. The will of John C. Springsteen, who died in Brooklyn, March 22, 1912, had the following dispositions:

First. Provides for the payment of debts.

"Second. I direct my executors hereinafter named to pay to my beloved wife Mary F. Springsteen $5,000.00 in cash, and to my son Walter F. Springsteen $5,000.00 in cash.

"Third. I hereby give, devise and bequeath to my beloved wife Mary F. Springsteen the use of the house and lot number 49 Halsey street, Brooklyn, N. Y., together with all furniture during her natural life.

"Fourth. I hereby give, devise and bequeath to my executors hereinafter named, in trust, all the rest, my property of whatsoever name and nature in trust the income to be equally divided between my said wife and son Walter Springsteen. I direct that in the event of the death of my said son during the life of my said wife, the one-half income of my said property to go to my son's child or children him surviving, share and share alike. I direct that upon the death of my said wife that all my property go to my said son, Walter Springsteen, and in the event of my son's death then upon the death of my said wife all my property to go to the child or children of my said son Walter Springsteen."

Fifth. Appoints executors and trustees.

"Sixth. For the purpose of enabling my said executors and trustees to carry out the provisions of this my last will and testament, I hereby authorize and empower them to sell any of the property and make such investment as they shall deem best."

In accounting proceedings before the surrogate of Kings county, the widow, who was also an executor, raised the question of her dower in this Halsey street house. In the surrogate's final decree of November 10, 1914, it was adjudged:

"That the right of the widow, Mary F. Springsteen, to her dower in the premises, No. 49 Halsey street, be and the same hereby is preserved."

The surrogate further held that as to the other property the provisions of the will were in lieu of dower. From this final decree no appeal was taken. Plaintiff continued to occupy the house at 49 Halsey street, a three-story brownstone residence, as she had done since the death of the deceased.

On January 21, 1915, plaintiff started the present suit to recover her dower in this property, which property her complaint valued at $7,800. She set up the final decree of the surrogate upon the accounting. She averred that her dower right was valued at a gross sum of $1,599.13, upon which she asked interest, but did not otherwise ask damages for withholding her dower. The son answered individually and as executor, also setting up this final decree of the surrogate.

After trial at Special Term it was found that, besides this estate at 49 Halsey street, there were two other pieces of real estate which came under the trust provision of the will that had been sold, the proceeds of which formed part of the residuary estate; that the deceased left over $50,000 of personal property. The court further found that the will had made no provision in lieu of plaintiff's dower right in 49 Halsey street; that she had filed the formal consent to take a gross sum in lieu of dower under section 1617 of the Code of Civil Procedure. The court held that plaintiff had both dower and a life estate by devise in this 49 Halsey street property. By the interlocutory judgment it was decreed:

"That the plaintiff's dower in the said property, No. 49 Halsey street, and hereinbefore described, is hereby admeasured at the gross sum of $1,845. Said dower right vested in this plaintiff on the death of her husband on March 22, 1912, and she is entitled to interest thereon at 6 per cent. per annum from said date, which to the date of this interlocutory decree amounts to $398.-50, and said total sum of $2,243.50 so admeasured is hereby adjudged to be paid primarily out of the proceeds of the sale of the equity in said property, No. 49 Halsey street, Brooklyn, N. Y., remaining after said life estate, and, if not paid in full from that source, the remainder shall be paid out of the principal of the estate of John O. Springsteen, deceased; and it is adjudged that the said plaintiff is hereby awarded said gross sum of $2,243.50 in full satisfaction and discharge of her dower right claimed in this action."

From this Walter F. Springsteen, the son, individually and as executor and guardian, and H. Howard Babcock, another executor, have appealed.

[1] Under the settled law of New York, this devise of a life interest did not put the widow to an election. Matter of Gorden, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689; Horstmann v. Fiege, 172 N. Y. 381, 65 N. E. 202; Roessle v. Roessle, 163 App. Div. 344, 148 N. Y. Supp. 659. The devise of the use of the house for plaintiff's life could be fulfilled without denying her claim as a dowress, and both interests may stand together. The fact that elsewhere in the will a trust is created which as to the lands so devised cannot be carried out without displacing her dower rights in such other lands did not create any repugnancy as to the specific devise of No. 49 Halsey street. The life interest and the dower interest, therefore, can persist together; the right to assert dower being of advantage as against possible creditors, also to obtain a more accurate adjustment of the transfer tax on the value of the interest passing under the will. In re Amsinck's Estate, 155 N. Y. Supp. 1089.

[2] But the coincidence of these two interests in the same property, dividing it into thirds, does not enlarge the one life interest. As the dower is prior and paramount in title, if viewed separately, it tends to diminish the value of the interest passing under the will. Where actual partition is impracticable, as here, the separate dower interest, apart from the widow's life interest, is not an available subject of sale. Neither can this separate dower interest be made a charge on the fee in the hands of the son. Having only a right of dower, the plaintiff cannot get satisfaction by selling the fee simple. She cannot say: I am as well off without this dower, and in order to dispose of this superfluity for cash I will divest the son of his remainder. Hoback v. Miller, 44 W. Va. 635, 29 S. E. 1014 [1898]. A fortiori, the dowress cannot use such a right to take away general assets of the estate.

[3] Counsel has referred to the equitable rule as to dower rights in lands aliened in the husband's lifetime, where, on the principle of the inverse order of alienation, the widow's remedies are first applied to lands unsold. Raynor v. Raynor, 21 Hun, 36. Clearly here the widow has no such equity as against the remainder in fee of 49 Halsey street, or as to any other property of her husband's estate.

With the finding that her dower interest cannot be set off by metes and bounds, she holds simultaneously two interests, which together make up one life estate, but only a life estate. So far as the decree

goes beyond this life estate, and would sell the fee, or make a charge upon the general assets of the estate, it is unauthorized by statute or by equity.

It follows that the interlocutory judgment should be modified, by striking out all provisions after adjudicating that plaintiff has both dower and a life interest in the premises described in the complaint, and, as so modified, affirmed, without costs either below or on this appeal. The last six findings of fact (Nos. 15, 16, 17, 18, 19, and 20) are reversed, or modified in accordance herewith. Settle order on notice. All concur.