MARY F. SPRINGSTEEN, Respondent, v. WALTER F. SPRING-
STEEN, Individually and as Guardian ad Litem of MURIEL L.
SPRINGSTEEN, an Infant, and WALTER F. SPRINGSTEEN and
H. HOWARD BABCOCK, as Executor, etc., of JOHN C. SPRING-
STEEN, Deceased, Appellants, Impleaded with MARY F.
SPRINGSTEEN, as Executrix, etc., of JOHN C. SPRINGSTEEN,
Deceased, Defendant.

(*Supreme Court, App. Div., Second Department, May 5, 1916.*)

REAL PROPERTY—DOWER*—WILL—DEVISE TO WIDOW FOR LIFE NOT INCON-
SISTENT WITH DOWER—WHEN DOWER NOT CHARGEABLE UPON REMAINDERS
OR OTHER LANDS.

Where a testator devises the use of his residence to his widow for life
the devise is not in lieu of dower, and the widow is not put to an election,
but is entitled to both the life estate and dower. Such dower is not cut
off because a devise of other lands in trust with power of sale cannot be
carried out without denying the widow dower therein.

But, as the life estate and the dower both attach to the same parcel of
land and as both are life interests, the widow cannot, where the land
subject thereto cannot be divided by metes and bounds, charge the value
of the dower upon the interest of the remaindermen therein, or upon
other lands of the estate in which she has no dower.

APPEAL by the defendants, Walter F. Springsteen, individu-
ally and as guardian and executor, and another, from an inter-
locutory judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Kings on
the 28th day of December, 1915, upon the decision of the court
after a trial at the Kings County Special Term.

Edwin D. Kenyon, for the appellant Walter F. Springsteen
individually, as guardian *ad litem* and as executor, etc.

Frank W. Harris, for the appellant H. Howard Babcock.

Alexander S. Bacon, for the respondent.

---

* See Notes, Vol. II, p. 266; X, 37.

PUTNAM, J. — The will of John C. Springsteen, who died in Brooklyn, March 22, 1912, had the following dispositions:

*First.* Provides for the payment of debts.

" *Second.* I direct my executors hereinafter named to pay to my beloved wife Mary F. Springsteen, $5,000.00 in cash, and to my son Walter F. Springsteen, $5,000.00 in cash.

" *Third.* I hereby give, devise and bequeath to my beloved wife Mary F. Springsteen the use of the house and lot number 49 Halsey Street, Brooklyn, N. Y., together with all furniture during her natural life.

" *Fourth.* I hereby give, devise and bequeath to my executors hereinafter named, in trust, all the rest, my property of whatsoever name and nature in trust the income to be equally divided between my said wife and son Walter Springsteen. I direct that in the event of the death of my said son during the life of my said wife the one-half income of my said property to go to my son's child or children him surviving, share and share alike. I direct that upon the death of my said wife that all my property go to my said son, Walter Springsteen, and in the event of my son's death then upon the death of my said wife all my property to go to the child or children of my said son Walter Springsteen."

*Fifth.* Appoints executors and trustees.

" *Sixth.* For the purpose of enabling my said executors and trustees to carry out the provisions of this my last will and Testament I hereby authorize and empower them to sell any of the property and make such investment as they shall deem best."

In accounting proceedings before the surrogate of Kings county the widow, who was also an executor, raised the question of her dower in this Halsey street house. In the surrogate's final decree of November 10, 1914, it was adjudged " that the right of the widow, Mary F. Springsteen, to her dower in the premises, No. 49 Halsey Street, be and the same hereby is preserved." The surrogate further held that as to the other property the provisions of the will were in lieu of dower. From

this final decree no appeal was taken. Plaintiff continued to occupy the house at 49 Halsey street, a three-story brownstone residence, as she had done since the death of the deceased.

On January 21, 1915, plaintiff started the present suit to recover her dower in this property, which property her complaint valued at $7,800. She set up the final decree of the surrogate upon the accounting. She averred that her dower right was valued at a gross sum of $1,599.13, upon which she asked interest, but did not otherwise ask damages for withholding her dower.

The son answered individually and as executor, also setting up this final decree of the surrogate.

After the trial at Special Term it was found that besides this estate at 49 Halsey street, there were two other pieces of real estate which came under the trust provision of the will that had been sold, the proceeds of which formed part of the residuary estate; that the deceased left over $50,000 of personal property. The court further found that the will had made no provision in lieu of plaintiff's dower right in 49 Halsey street; that she had filed the formal consent to take a gross sum in lieu of dower under section 1617 of the Code of Civil Procedure. The court held that plaintiff had both dower and a life estate by devise in this 49 Halsey street property.

By the interlocutory judgment it was decreed "that the plaintiff's dower in the said property, No. 49 Halsey Street, and hereinbefore described, is hereby admeasured at the gross sum of $1,845; said dower right vested in this plaintiff on the death of her husband on March 22, 1912, and she is entitled to interest thereon at 6 per cent per annum from said date, which to the date of this interlocutory decree amounts to $398.50, and said total sum of $2,243.50 so admeasured is hereby adjudged to be paid primarily out of the proceeds of the sale of the equity in said property, No. 49 Halsey Street, Brooklyn, N. Y., remaining after said life estate, and if not paid in full from that source, the remainder shall be paid out

of the principal of the estate of John C. Springsteen, deceased; and it is adjudged that the said plaintiff is hereby awarded said gross sum of $2,243.50 in full satisfaction and discharge of her dower right claimed in this action."

From this Walter F. Springsteen, the son, individually and as executor and guardian, and H. Howard Babcock, another executor, have appealed.

Under the settled law of New York, this devise of a life interest did not put the widow to an election. (Matter of Gorden, 172 N. Y. 25; Horstmann v. Flege, Id. 381; Roessle v. Roessle, 163 App. Div. 344.) The devise of the use of the house for plaintiff's life could be fulfilled without denying her claim as a dowress, and both interests may stand together. The fact that elsewhere in the will a trust is created which as to the lands so devised cannot be carried out without displacing her dower rights in such other lands, did not create any repugnancy as to the specific devise of No. 49 Halsey street. The life interest and the dower interest, therefore, can persist together, the right to assert dower being of advantage as against possible creditors, also to obtain a more accurate adjustment of the transfer tax on the value of the interest paying under the will. (Matter of Amsinck's Estate, 155 N. Y. Supp. 1089.)

But the coincidence of these two interests in the same property dividing it into thirds does not enlarge the one-life interest. As the dower is prior and paramount in title if viewed separately, it tends to diminish the value of the interest passing under the will. Where actual partition is impracticable, as here, the separate dower interest, apart from the widow's life interest, is not an available subject of sale. Neither can this separate dower interest be made a charge on the fee in the hands of the son. Having only a right of dower the plaintiff cannot get satisfaction by selling the fee simple. She cannot say, I am as well off without this dower, and in order to dispose of this superfluity for cash, I will divest the son of his re-

mainder.    (Hoback v. Miller, 44 W. Va. 635, 29 S. E. 1014.)
*A fortiori*, the dowress cannot use such a right to take away
general assets of the estate.

Counsel has referred to the equitable rule as to dower rights
in lands aliened in the husband's lifetime where, on the prin-
ciple of the inverse order of alienation, the widow's remedies
are first applied to lands unsold. . (Raynor v. Raynor, 21 Hun,
36.)    Clearly here the widow has no such equity as against the
remainder in fee of 49 Halsey street, or as to any other prop-
erty of her husband's estate.

With the finding that her dower interest cannot be set off
by metes and bounds, she holds simultaneously two interests,
which together make up one life estate, but only a life estate.
So far as the decree goes beyond this life estate, and would sell
the fee, or make a charge upon the general assets of the estate,
it is unauthorized by statute or by equity.

It follows that the interlocutory judgment should be modi-
fied by striking out all provisions after adjudicating that plain-
tiff has both dower and a life interest in the premises described
in the complaint, and as so modified affirmed, without costs
either below or on this appeal.    The last six findings of fact
(Nos. 15, 16, 17, 18, 19 and 20) are reversed or modified in
accordance herewith.

JENKS, P. J., CARR, STAPLETON, RICH and PUTNAM, JJ.,
concurred.

Interlocutory judgment modified by striking out all pro-
visions after adjudicating that plaintiff has both dower and a
life interest in the premises described in the complaint, and as
so modified affirmed, without costs either below or on this
appeal.    The last six findings of fact (Nos. 15, 16, 17, 18, 19
and 20) are reversed or modified in accordance with opinion by
PUTNAM, J.    Order to be settled on notice before Mr. Justice
PUTNAM.