In the Matter of the Estate of LEANDER TROMBLY, SR., Deceased.

Surrogate's Court, Clinton County, December 22, 1931.

*Wilmur H. Dunn* and *Orville R. Dunn* [*Wilmur H. Dunn* of counsel], for the executors, Leon Trombly, Jr., and Treffly Trombly.

*Boire & Kehoe* [*Harry P. Kehoe* of counsel], for Malvina Trombly.

*Kenneth H. Holcombe*, special guardian for Georgiana Trombly, Stella Trombly, Malvina Boileau and Henry Boileau, infants.

HARRINGTON, S.   Decedent died May 5, 1930.   His will is dated July 14, 1928, and was duly admitted to probate by this court on May 26, 1930.   He was survived by his widow, Malvina Trombly, and thirteen children and two grandchildren, all by a former marriage.

Under paragraph " fourth " of his will, decedent devised his dwelling house with thirteen acres of land to his son, Henry Trombly, for and during the term of his life, with the remainder to the lawful heirs of Henry.   This devise, however, was expressly charged with the payment of two bequests of $500 each to two daughters of the decedent and a further provision for his widow in the following language: " furthermore my wife Malvina Trombly shall during her widowhood and lifetime be permitted to reside on said premises using and enjoying the furniture and furnishings thereof in common during such period, as she has been heretofore accustomed."

Under paragraph " fifth " of the will, the residuary estate, both real and personal, was devised and bequeathed to the decedent's two sons, the executors herein, in trust for the following purposes: To sell and dispose of any portion of the personal property not needed in conducting decedent's farm lands; to rent all or any part or portion of decedent's real estate or buildings, except that portion thereof wherein decedent's widow was given the right to live as described in paragraph " fourth " of the will; to collect and receive the rents, income and interest from all investments and pay therefrom semi-annually to decedent's widow, during her lifetime or until she remarried, the sum of seventy-five dollars, and upon her decease, if she had not since remarried, to pay her funeral expenses.   Upon her decease the trustees were directed to sell all of decedent's real estate and distribute the same to decedent's children and grandchildren as therein mentioned.

There is no expressed direction in the will that the provisions made for the benefit of his widow were to be in lieu of dower.

Within a year from decedent's death, the widow brought an action to recover dower in all of decedent's real estate.   The parties interested later agreed upon the sum that should be paid to the widow as the value of her vested dower interest and the same was paid.   This sum was $1,028.95, and was in addition to the sum of $150, agreed upon as the widow's exemption.   Thereupon, by written agreement between the interested parties, it was agreed that any other rights of the widow under decedent's will should be left for the determination of this court upon the judicial settlement of decedent's estate.   The action then pending in the Supreme Court for the admeasurement of the widow's dower was discontinued.   The widow now claims the benefit of all the pro-

visions made for her benefit in the will in addition to the sum received by her for her dower in decedent's realty.

Sections 200 and 201* of the Real Property Law provide as follows:

" § 200. If real property is devised to a woman, or a pecuniary or other provision is made for her by will in lieu of her dower, she must make her election whether she will take the property so devised, or the provision so made, or be endowed of the lands of her husband; but she is not entitled to both.

" § 201. Where a woman is entitled to an election, as prescribed in either of the last two sections, she is deemed to have elected to take the jointure, devise or pecuniary provision, unless within six months after the death of her husband she enters upon the lands assigned to her for her dower, or commences an action for her dower."

As the will does not expressly state that the provisions therein made for the widow are to be received by her in lieu of dower, the sole question to be decided is whether the language of the will indicates an intention on the part of the testator to have such provisions be in lieu of dower. If such a construction is reached, then it would seem clear, under section 201 of the Real Property Law, that her election to take dower in lieu of the provisions made for her benefit in the will became effective upon the commencement of an action by her for the admeasurement of her dower. (*Matter of Gorden*, 172 N. Y. 25, 28.)

I believe the answer to the inquiry in this case is fully covered by the decision in *Rubenstein* v. *Rubenstein* ([3d Dept.] 221 App. Div. 612). In this case the residuary estate was given by the testator to his trustees in trust with directions to pay over the income thereon to the widow during her life or until her remarriage, with provision for the disposition of the principal upon her death or remarriage. The trustees were given power to mortgage, sell or lease any or all of the real estate. The question was whether the widow was entitled to dower in addition to the provisions for her benefit in the will. At page 614 of the opinion the court said: " Dower is fundamentally favored by the law. The rule is well established that where there is no direct expression of intention in the will that the testamentary provisions shall be in lieu of dower the question is whether the will contains any provision inconsistent with the assertion of a dower right. There is here no direct expression in the will excluding the plaintiff from her dower right.

---

* Amd. by Laws of 1929, chap. 229.— [Rep.

But the intention to exclude her though not expressed may be implied if the claim of dower is inconsistent with the will. In *Matter of Gorden* (172 N. Y. 25) the court reviewed the authorities on the subject and cited with approval the following declaration of Lord REDESDALE in *Birmingham* v. *Kirwan* (2 Sch. & Lef. 453): 'The result of all the cases of implied intention seems to be that the instrument must contain some provision inconsistent with the assertion of a right to demand a third of the lands to be set out by metes and bounds.' After thus declaring the rule the court said: 'Where a valid trust is created covering *all the real estate* of the testator we have always held it to be inconsistent with the right of the widow to manage or control any part of the realty.' (Italics ours.) In that case as in this the widow was one of the trustees. The trust in the present case includes all the real estate of the testator. The management of the entire estate by trustees, keeping the property in repair, paying taxes and insurance, collecting the income therefrom, and distributing the same, is deemed to be inconsistent with the divided responsibility and participation by one claiming a dower interest. Particularly is this so where as in the present case the trustees are empowered not only to sell or mortgage but also to lease the real estate." To the same effect see *Asche* v. *Asche* (113 N. Y. 232); *Vernon* v. *Vernon* (53 id. 351, 357); *Tobias* v. *Ketchum* (32 id. 319); *Wilson* v. *Wilson* (120 App. Div. 581).

In the case at bar the trustees were given the broad power to sell or rent all of the real property placed in the trust estate. Upon the decease or remarriage of the widow they were directed to sell such real property and dispose of the proceeds as therein mentioned. I believe this power to sell or rent the real property, during the lifetime of the widow, must be held to be inconsistent with the right of dower in such property. As the widow has elected to accept dower by reason of her action for the admeasurement of the same and the payment and receipt therefor, I do not believe she is entitled to the provisions made for her benefit under the trust fund established in the will. However, she is entitled to the provision made for her under paragraph " fourth " of the will, as above mentioned, as such provision is not in my opinion inconsistent with the right of dower in the premises therein mentioned. (See *Horstman* v. *Flege*, 172 N. Y. 381; *Springsteen* v. *Springsteen*, 172 App. Div. 605; affd., without opinion, 225 N. Y. 630.)

Prepare decree accordingly.