**1. WILL—DEVISE—LIFE ESTATE.**
  Testator devised all the rest, residue, and remainder of his estate to his wife, "and after her death I give and bequeath the remainder thereof as follows," etc. *Held*, that the words "remainder thereof" give the wife no right to use the principal.

**2. SAME—TRANSFER TAX.**
  Where testator gave his estate for life to his wife, with remainder over, the interests of the remainder-men are presently determinable, and subject to the transfer tax.

In the matter of the estate of William J. Runcie. From the report of an appraiser of a transfer tax, the life tenant appeals. Dismissed.

Baker, Schwartz & Dake, for appellant.

Adolph Rebadow, for respondent.

MARCUS, S. The appellant contends that the shares of the residuary legatees who are to take upon the decease of the life tenant are not now capable of appraisal, and hence not subject to taxation at this time, for the reason that the life estate is coupled with the power to use and diminish the corpus. It is urged that this contention is sustained by the terms of the will, wherein the widow is given the life estate in the property of the testator, together with the right to dispose of and appropriate to her own use and benefit and enjoyment such portions of the corpus of the estate as she desires. The result of this appeal must be determined upon the construction to be given to the fifth clause of the will. The instrument

seems to contain nothing further that will afford light or assistance as to the testator's intention, beyond this clause, which is expressed in the following terms:

"Fifth. All the rest, residue, and remainder of my estate, real and personal, I give, devise and bequeath to my wife, Mary J. Runcie, to have, hold, use, and enjoy the same, with the rents, issues, and profits thereof, during her natural life; and after her death I give, devise, and bequeath the remainder thereof as follows."

That a life estate is created, there can be no doubt. If, however, any additional right is given to the appellant to appropriate to her use anything from the corpus of the estate, it cannot be spelled out from the clause under discussion; nor is this intention disclosed by a reading of the will. To my mind, the intention of the testator, which must be the primary guide for construction, is entirely clear. It is quite impossible to believe that the testator would have failed to express himself to the effect contended by appellant had he designed to confer on the donee of the life estate the power of diminishing the corpus. There is nothing contained in the will from which a suggestion or hint, however slight, can be inferred that the donee could have the power of sale and disposition, or the power to use the corpus, in whole or in part, or to the use of the principal for support. On the contrary, the clause referred to contains the customary and suitable, if not, perhaps, usual, language for the creation of an estate for life in realty and personalty. Indeed, there is an utter absence of direction or intention that the corpus of the estate should be diminished, exhausted, or in any way trenched upon.

Stress has been laid upon the words wherein the testator gives to the appellant the "rest, residue, and remainder," of his estate, "to have, hold, use, and enjoy the same, and the rents, issues, and profits thereof, during her natural life"; and after her death he gives, it is urged, not the "rest, residue, and remainder" to the residuary legatees, but the "remainder thereof" to them. It is argued that he did not give the residuary legatees the portion of his estate given to his wife, but that he gave to them "the remainder thereof"; it being not only the intention of the testator to give to his wife as full and beneficial use of his property as he legally could do, short of vesting in her the absolute ownership thereof, but that his words indicate that what he wished to accomplish was to give her the privilege of using such portion of the corpus of the estate as she might reasonably require for her use and enjoyment. There is nothing of force in the use of the word "remainder" which can be construed into a power of disposition to the life tenant. This estate is devised to the appellant "during her natural life," in certain and definite language, and an estate for life only passes. There is an entire absence of any language inferring or indicating a power of use or disposal, nor can it in any way come into existence by implication from this will. The meaning of the testator is apparent from the language used, and it would be departing from its plain import to give to the life estate any extension. The purpose of the testator is clear to carve out of this estate for appellant a certain interest, without any enlargement beyond a life estate, since there

is an entire omission to express or indicate an intention such as is here contended. The intention to create only a life estate is clear, and must prevail. The use of the word "remainder" along with the use of the words "rest and residue" referred to that portion of the testator's estate not already disposed of by his will, and alludes to his residuary estate. When the word "remainder" is again used, —"and after her death I give, devise, and bequeath the remainder thereof as follows," etc.,—it seems here the word "remainder" is used in its technical sense, and a future estate is created, to take effect on the termination of the life estate. The language of the will is inadequate, insufficient, and inappropriate to uphold the contention of appellant, entitling her to dispose of or diminish the corpus of the estate. A simple life estate was created, the value of which could be computed as soon as it was called into existence, and it could not be terminated by any event happening prior to the death of the life tenant. The persons to whom the property passes after the death of the life tenant are known; hence the entire estate was taxable at the death of the testator, and the appeal must therefore be dismissed.

Appeal dismissed.