ELIZABETH HORSTMANN, Respondent, *v.* AMELIA FLEGE et al., Appellants.

DOWER— WIDOW NOT PUT TO AN ELECTION BETWEEN AN ANNUITY CHARGED UPON REAL ESTATE AND HER DOWER. Where a testator devised his real estate to his children, charging upon the portion devised to each, with one exception, an annuity which he required the devisee to pay to his widow annually during her life, no other provision being made for the widow, and the will does not in terms state that the annuities provided for were to be in lieu of dower, the widow will not be put to an

election between the annuities and her dower, but is entitled to both, and may maintain an action for the admeasurement of her dower.

*Horstmann* v. *Flege*, 61 App. Div. 518, affirmed.

(Argued October 22, 1902; decided November 11, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 13, 1901, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward L. Frost* for appellants. The widow is not entitled to dower if the acceptance of it by her is inconsistent with other provisions of the will for her benefit. (*Adsit* v. *Adsit*, 2 Johns. Ch. 448; *Savage* v. *Burnham*, 17 N. Y. 577.) The provision for the plaintiff in her husband's will is inconsistent with her claim for dower. (*Matter of Zahrt*, 94 N. Y. 609; *Koezly* v. *Koezly*, 31 Misc. Rep. 397; *La Fevre* v. *Toole*, 84 N. Y. 96; *Asche* v. *Asche*, 113 N. Y. 232.)

*Edward T. Horwill* for respondent. Dower is favored. It is never excluded by a provision for a wife, except by express words or by necessary implication. (*Konvalinka* v. *Schlegel*, 104 N. Y. 125.) The mere gift of an annuity by the testator to his widow, although charged upon all his property, is not sufficient to put her to her election between that and dower, even although the will contains a gift of the whole of the testator's real estate to another person. (Story's Eq. Juris. § 1088; 2 Scribner on Dower [2d ed.], 461, 462; *Fuller* v. *Yates*, 8 Paige, 325.) An annuity out of the estate is now held not to have the effect of barring the wife of her dower, as inconsistent with it. (*Harrison* v. *Harrison*, 1 Keen, 765; Story's Eq. Juris. § 1088.) The widow is entitled to both dower and the annuities. (*Konvalinka* v. *Schlegel*, 104 N. Y. 125; *Glaser* v. *Glaser*, 67 App. Div. 132; *Purdy* v. *Purdy*, 18 App. Div. 310; *Hopkins* v. *Cameron*, 34 Misc. Rep. 688; *Fenton* v. *Fenton*, 35 Misc.

Rep. 479; *Matter of Grotrian*, 30 Misc. Rep. 23; *Gray* v. *Gray*, 5 App. Div. 132; *Kursheedt* v. *U. D. S. Inst.*, 118 N. Y. 358.) Dower is an incumbrance on a decedent's property as real as though the widow held a blanket mortgage covering same. (*Closs* v. *Eldert*, 30 App. Div. 338; *Konvalinka* v. *Schlegel*, 104 N. Y. 125.) To require a widow to elect between the testamentary provision made in her behalf and dower, it must clearly and manifestly appear by implication that the testator intended that the provision made in his will for her should be in lieu of dower. (*Kimbel* v. *Kimbel*, 14 App. Div. 570, 574; *Ellis* v. *Lewis*, 3 Hare, 310; *Gibson* v. *Gibson*, 1 Drewry, 42; *Havens* v. *Havens*, 1 Sandf. Ch. 324; *Mills* v. *Mills*, 28 Barb. 454; *Havens* v. *Sackett*, 15 N. Y. 365; *Adsit* v. *Adsit*, 2 Johns. Ch. 448; *Church* v. *Bell*, 2 Den. 430; *Purdy* v. *Purdy*, 18 App. Div. 310; *Ellicott* v. *Mosier*, 7 N. Y. 201; *Lewis* v. *Smith*, 9 N. Y. 502.)

HAIGHT, J. This action was brought by the plaintiff, as the widow of Luhr Horstmann, Sr., for the admeasurement of dower in the premises of which her husband died seized.

Luhr Horstmann was the owner of fourteen parcels of land of the value of about $53,000 at the time of his death. He left a last will and testament, which has been duly proved and admitted to probate. By his will he divided his real estate among his children, charging upon the portion devised to each, with one exception, an annuity amounting in the aggregate to $500 per year, which he required the devisee to pay to his widow annually during her life. No other provision was made for the widow, and the will does not in terms state that the annuities provided for were to be in lieu of dower. The provisions devising the real estate to his children are substantially alike, except as to the description of the property devised, and for the purpose of the determination of the question presented by this appeal it will only be necessary to call attention to one of the provisions. It is as follows:

" *Second.* I give, devise and bequeath to my son, Luhr

Horstmann, Jr., my four houses situate on the west side of Centerville avenue. * * * Subject to the payment to my wife, Elizabeth, of the sum of $100 per year, payable quarterly, beginning from the date of my death, which payments or annuities are hereby charged upon said devisee and upon said property. To have and to hold unto him, his heirs and assigns forever, subject to said annuity."

It will be observed that the payment of annuity is charged upon the devisee and upon the property and it is not payable out of the income, so that the son in accepting the devise and entering into the possession of the property became charged with the payment of the annuity, independent of the income or rents therefrom.

Dower is favored in the law and the widow is entitled to have the same admeasured, unless the testamentary provision made in her behalf expressly states that the same is to be in lieu of dower, or the intention of the testator to that effect is clearly implied from the provision of the will. If in the provision of the will it is expressly stated to be in lieu of dower, or such intention is clearly implied, the widow is put to her election. But if there is reasonable doubt with reference to the intention of the testator, the widow takes both dower and the provision made for her in the will. (*Adsit* v. *Adsit,* 2 John. Ch. Rep. 448; *Lewis* v. *Smith,* 9 N. Y. 502; *Tobias* v. *Ketchum,* 32 N. Y. 319; *Vernon* v. *Vernon,* 53 N. Y. 357.)

As bearing upon the intention of the testator it becomes necessary to examine the provisions of the will for the purpose of determining whether the widow's claim for dower is inconsistent therewith. This question has been frequently before the courts, and much has been written upon the subject. It was considered by us recently in the matter of the judicial settlement of the accounts of Joseph Gorden as executor and trustee under the will of William Gorden, deceased. (172 N. Y. 25.) In that case, however, the testator, after some specific bequests and devises, gave all the rest of his estate, both real and personal, to his executors in trust to collect the rents and profits; and, after paying the necessary expenses, he

directed his trustees to pay one-third of the net income to his widow and the remaining two-thirds to the maintenance of his children. In that case this court held that the widow's claim for dower was inconsistent with the provisions of the will. The devise of *all* of his real estate to trustees, imposing upon them the duty of collecting the rents and profits therefrom, could not be carried out as to all of the real estate if one-third thereof was to be set off and the possession thereof given to the widow.

In the case now under consideration the devise is quite different. No trust is created and no duty is cast upon others with reference to the collecting of the rents and profits. The different parcels of real estate are separately described and devised to some particular child specifically named, but subject to the payment of an annuity which is charged upon the devisee and upon the property. The question, therefore, now arises as to whether the charge of an annuity upon real estate is inconsistent with the claim for dower. This question was first answered in the case of *Pitts* v. *Snowden* by Lord HARDWICK. In that case the testator gave to his wife fifty pounds per annum, payable out of his freehold and copyhold messuage; and, subject to that annuity, he divided those messuages absolutely among his three children. The widow claimed both annuity and dower, and her claim was sustained. This case was followed by the case of *Arnold* v. *Kempstead* and that of *Villareal* v. *Lord Galway*, decided by Lords NORTHINGTON and CAMDEN, in which a different result was reached. But in the still later case of *Pearson* v. *Pearson*, Lord LOUGHBOROUGH was of the opinion that the giving of an annuity out of an estate from which dower arises is not of itself a sufficient bar; but concluded by referring the case to a master to inquire whether the estate was sufficient for both purposes. In a still later case Lord THURLOW, in considering the same question, said that he saw no reason why the widow should not have both annuity and dower. He was of the opinion that an annuity given to the wife out of the testator's estate, and a devise of all of his estate subject to that, afforded

no foundation of an intention to bar her paramount claim for dower; and in referring to the case of *Pearson* v. *Pearson* he expressed the view that the reference to the master was unnecessary. This was followed by Sir THOMAS SEWELL in *Wride* v. *Clark*, who approved of *Lawrence* v. *Lawrence*, thus reaffirming the ancient doctrine declared by Lord HARDWICKE, and disapproving of the cases of *Arnold* v. *Kempstead* and *Vallareal* v. *Lord Galway*. The report of these cases is made by Lord ALVANLEY, as master of the rolls, in the case of *French* v. *Davies* (2 Vesey's Ch. Rep. 572, 578). The next case in England in which the question appears to have arisen is that of *Holdich* v. *Holdich* (21 Eng. Ch. Rep. 17, 21). In that case the vice-chancellor said: "I feel bound by the present state of the authorities to say that a mere gift of an annuity to the testator's widow, although charged on all the testator's property, is not sufficient to put her to her election."

In this country the question appears to have been examined first by Chancellor KENT in the case of *Adsit* v. *Adsit* (2 John. Ch. Rep. 448). He considers all of the English cases upon this subject and reaches the same conclusion. And, again, in the case of *Fuller* v. *Yates* (8 Paige's Ch. Rep. 325), Chancellor WALWORTH appears to have reached the same conclusion. In Story's Equity (sec. 1088) it is said: "Again, if a testator should bequeath property to his wife, manifestly with the intention of its being in satisfaction of her dower, it would create a case of election. But such an intention must be clear and free from ambiguity. And it will not be inferred from the mere fact of the testator's making a general distribution of all of his property, although he should give his wife a legacy; for he might intend to give only what was strictly his own, subject to dower. * * * There is no repugnancy in such a devise or bequest to her title to dower. * * * So, the mere gift of an annuity by the testator to his widow, although charged upon all his property, is not sufficient to put her to an election between that and dower, even although the will contains the gift of the whole of the testator's real estate to another person."

The general doctrine has been repeated in a number of cases reported in this court. Notably, that of *Konvalinka* v. *Schlegel* (104 N. Y. 125). The rule laid down by Story was followed recently by the Appellate Division in the case of *Closs* v. *Eldert* (30 App. Div. 338). The case of *Matter of Zahrt* (94 N. Y. 605) is clearly distinguishable and is not in conflict. In that case the will gives to the widow during her life the rents, income, interest, use and occupancy of all his estate, real and personal, upon certain conditions specified. It was held that the provision was inconsistent with a claim for dower.

In the case before us, as we have shown, the widow is given no interests in the rent or income from the real estate. Her annuity is not payable out of the income; it is a charge against the devisee and the property. If the annuity had been made payable out of the income a different question would have been presented; one which we are not now called upon to determine. The devise was to a child of a specific parcel of real estate, against which the widow had a claim for dower. The charging of an annuity in the widow's favor must be treated as an additional claim to that of dower.

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, MARTIN and VANN, JJ., concur.

Judgment affirmed.