### COLE et al. v. COLE et al.

(Supreme Court, Trial Term, Wyoming County. January 18, 1908.)

1. **TENANCY IN COMMON—POSSESSION OF PREMISES BY CO-TENANT—PAYMENT OF TAXES—REPAIRS.**

    While a tenant in common is in possession of real property owned in common, he cannot be charged with rent, but must pay taxes and ordinary repairs.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tenancy in Common, §§ 83–99.]

2. **SAME—COMPENSATION OF CO-TENANT COLLECTING RENTS.**

    In the absence of an agreement, one tenant in common is not entitled' to compensation for collecting rents belonging to himself and his co-tenants.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tenancy in Common, § 93.]

3. **SAME—PAYMENT OF TAXES BY CO-TENANT—VOID ASSESSMENT—LIABILITIES. OF OTHER CO-TENANTS.**

    Assessments for taxation of property belonging to the estate of Lucinda A. Cole as the "Cole-Chester Est." were void, and never became a lien. on the property, and their payment by one tenant in common did not render the co-tenants liable for any part thereof.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tenancy in Common, § 96.]

Action by John B. Cole and another against Charles S. Cole and another for settlement of accounts as tenants in common. Judgment. settling accounts.

Frank M. Brown, for plaintiff.
Elmer E. Charles, for defendant.

WHEELER, J. This is an action to settle the accounts of the parties to this action for rents received and moneys expended in relation to several parcels of real estate owned by them as tenants in common as heirs at law of Lucinda A. Cole, who died intestate on March 19, 1900. The property was partitioned by proceedings taken in an action brought for that purpose; but pending the partition the various parties received and expended various moneys in relation to the property in question. The differences arise over certain items of the accounts of some of the parties, which will receive attention seriatim.

The plaintiffs credit themselves with the payment of certain taxes on what was known as the "homestead property," consisting of a house and lot in the village of Warsaw, which they occupied during the period in question. The defendants claim that, inasmuch as they lived in and occupied this place and had the benefit of its use without the pay--

ment of rent to their co-tenants, they are equitably chargeable with the duty of paying taxes and making ordinary repairs. This is the law. While a tenant in common is in possession of premises, he cannot be charged with rent, but must pay taxes and ordinary repairs. McAlear v. Delaney, 19 Wkly. Dig. 252. This is certainly an equitable rule. A tenant ought not to be permitted to enjoy the benefit of the use and occupation of real property without bearing the burdens of keeping the premises in ordinary repair and of keeping down the taxes on the same.

The plaintiffs also credit themselves with commissions for collecting the rents of other parcels of the real estate owned in common. These items must be disallowed. In the absence of an agreement, one tenant in common is not entitled to compensation for collecting rents belonging to himself and his co-tenants. Myers v. Bolton, 157 N. Y. 399, 52 N. E. 114.

The plaintiffs also credit themselves with certain taxes paid as follows: July 13, 1904, village corporation taxes, $86.84; July 26, 1905, village corporation taxes, $99.80; September 21, 1905, school taxes, $57.95. These taxes were assessed against "Cole-Chester Est." The estate was the estate of Lucinda A. Cole, and not the estate of "Chester Cole." These assessments were therefore absolutely void, and never became a lien on the property. Trowbridge v. Horan, 78 N. Y. 439; Cromwell v. McLean, 123 N. Y. 474, 52 N. E. 932; Matter of McCue, 162 N. Y. 235, 56 N. E. 627; People v. Gaus, 169 N. Y. 28, 61 N. E. 987. We think, therefore, that the plaintiffs could not pay an absolutely void assessment and deduct the amounts paid from the rents collected.

With these corrections the account as stated should stand. The court regrets it is forced to disallow the items of taxes erroneously assessed and evidently paid in good faith by the plaintiffs. In view of this fact, and the fact that costs of the action are in the discretion of the court, no costs will be allowed to either party.

Let judgment be entered accordingly.