In the Matter of the Accounting by JOSEPHINE M. ELLINGER and LEONARD C. ELLINGER, as Executors, etc., of CHARLES L. ELLINGER, Deceased.

Surrogate's Court, Bronx County, January (Received February, 1923).

Wills — when widow takes dower in addition to bequest — agreement that widow may occupy apartment without rent — children consenting to agreement estopped from urging that executor's accounts be surcharged therewith — executors entitled to commissions on rents collected.

The will of the testator after bequeathing to his wife the business which he was conducting, together with all equipment thereof, devised and bequeathed to her as long as she lived one-third of the income of any and all property, real and personal, of which he was seized and possessed at his death. *Held*, that there being no specific declaration in the will that such provisions were in lieu of the widow's right of dower her claim therefor was neither inconsistent nor repugnant to the testamentary provisions in her favor; she was, therefore, not put to an election but in addition to such provisions was entitled to dower.

An arrangement made by the widow and four of her children was to the effect that she was not to pay rent for an apartment occupied by her and three of said children waived their rights to any surcharge which might possibly be made against the executors on their accounting and consented that the same should be effective only to the extent of the interests of the contestants. *Held*, that a contestant who had acquiesced and taken part in such arrangement was estopped

from urging a surcharge of an amount equal to one-fifth of the balance of the rent of the apartment occupied by the widow.

Where upon the accounting of the executors, of which the widow was one, it appears that the rent collected for an upper apartment, exclusive of the widow's quarantine, amounted to a certain sum, the accounts will be surcharged with the net balance of income from said apartment after deducting the disbursements for the entire building.

The widow should have paid rent for the premises occupied by her and the accounts will be surcharged with rent calculated by consent at twenty-five dollars a month for five years and one month, the period for which the accounting was made, less the widow's quarantine.

In the circumstances the executors will be allowed commissions upon rents collected and are entitled to credit against any balance which may remain on hand due to any and all surcharges after payment of commissions and costs.

PROCEEDING to settle accounts of executors.

*Oliver E. Davis,* for executors.

*Joseph M. Baum,* for objectors.

SCHULZ, S.  Objections designated " a " and " b " are sustained. The executors have only accounted for the rents under a written lease which does not affect the building known as 815 Union avenue. It is conceded in the so-called " answer to the objections " which it was consented might be considered as an amendment to the account, and it is not disputed, that the rent of the upper apartment in said building, exclusive of the widow's quarantine, amounted to the sum of $1,232, and that the disbursements for the entire house aggregated $1,161.32, showing a net balance of income from the upper apartment of $70.68, with which amount the executors are surcharged.

It was agreed that if the court found that the executors should be surcharged with the rent of the apartment occupied by the widow, the amount of such rent should be calculated at the rate of $25 per month.  In my opinion, the widow should have paid the rent of the premises occupied by her.  The period for which the accounting was made, less the widow's quarantine, is conceded to be five years, one month and seven days so that the time for the purpose of calculation is taken to be five years and one month, which amounts to the sum of $1,525, with which I also surcharge the accounting executors.

Objections designated " d," " e " and " i " are dismissed.

The executors consent to be surcharged with the amount of the items set forth in objections " k," " r," " s," " a1," " a2," " a4 " and " a5," to wit, eighty-six dollars and forty-five cents, and they are surcharged therewith accordingly.  The remaining objections are withdrawn.

The executors will be entitled to credits as against any balance

Surrogate's Court, Bronx County, February, 1923.      [Vol. 120

which may remain on hand due to such surcharges after the payment of commissions and costs, due to the following:

Under the terms of the will, the widow of the decedent, who was one of the accounting parties, is entitled to one-third of the income of the real and personal property in addition to other provisions in her favor. Three of the children of the decedent waived their rights to any surcharge which might possibly be made against the executors and consented that the same should be effective to the extent of the interests of the contestants only. Upon the evidence I hold that the contestant Sophie A. Hartung is estopped from urging a surcharge as against these executors, of an amount equal to one-fifth of the balance of the rent of the apartment occupied by the widow, for the reason that such contestant acquiesced and took part in an arrangement made by the widow and four of her children, to the effect that the former was not to pay rent for such apartment.

Owing to the fact that the account mingles personal property and the income from real estate, and also includes expenses against real and personal property in one schedule, to which no objection was made, it is impossible to state with reasonable brevity how such credits are to be applied, and this must be adjusted in the decree on consent of all of the parties, or an amended account in proper form will have to be filed.

As all of the parties acquiesced in the management of the real estate by the executors, and as the latter were acting under the authority of all of the parties interested and have without objection accounted for the rents thereof in this proceeding, they should be allowed commissions thereon. The situation is different from that in *Myers* v. *Bolton*, 157 N. Y. 393, and *Cole* v. *Cole*, 108 N. Y. Supp. 124.

The executors request that the will be construed and that the court adjudge whether the provisions in favor of the widow were made in lieu of her right of dower, thus putting her to an election, or whether she has dower in addition thereto.

The law of the case is set forth in *Konvalinka* v. *Schlegel*, 104 N. Y. 125, in which it is said that " Dower is favored. It is never excluded by a provision for a wife, except by express words or by necessary implication. Where there are no express words there must be upon the face of the will a demonstration of the intention of the testator that the widow shall not take both dower and the provision." Such demonstration is furnished only where there is a clear incompatibility arising on the face of the will, between a claim of dower and the claim to the benefit of the provision. See, also, *Horstmann* v. *Flege*, 172 N. Y. 381; *Purdy* v.

Misc. 276]        Surrogate's Court, Bronx County, February, 1923.

*Purdy,* 18 App. Div. 310; *Roessle* v. *Roessle,* 163 id. 344; *Matter of Browning,* 95 Misc. Rep. 459; *Matter of Moeller,* 117 id. 803.

It is conceded that there is no express statement in the will that the provisions therein made for the widow are in lieu of her right of dower.   Hence, it cannot be so held unless it follows as a necessary implication from the language of the whole will.   After bequeathing to his wife the business which he was conducting, together with horses, wagons and other equipment thereof, he devised and bequeathed to her as long as she lived, a one-third part of the income of any and all property, real and personal, of which he was possessed at the time of his death.   If she gets dower in addition, she will, of course, receive more than such one-third.   That circumstance, however, is not sufficient under the authorities to justify a holding that the bequest and devise was in lieu of dower.

In the case of *Konvalinka* v. *Schlegel,* 39 Hun, 451, it was also held that " The intention to put the widow to an election between dower and the provision may not be inferred from the extent of the provision or because she is devisee for life or in fee, or because it might seem to the court unjust as a family arrangement to permit her to claim both, or because it might be inferred that had the attention of the testator been called to it he would have expressly excluded dower."   And again: " It may be conjectured, perhaps reasonably inferred, that the testator really intended the provision for his wife to be exclusive of any other interest, but so it is not written in the will, and we are not permitted to yield any force to the suggestion.   It is a question of legal interpretation which has been settled."   In *Adsit* v. *Adsit,* 2 Johns. Ch. 448, 450, the court, Chancellor Kent writing, said: " * * * the claim of dower must be inconsistent with the will, and repugnant to its dispositions, or some of them."   The claim in favor of the widow, therefore, not being open to the criticisms above stated there is no warrant for the conclusion that there was an intention to put her to an election.

The circumstances in the pending proceeding are not like those in *Matter of Gorden,* 172 N. Y. 25, and those in *Asche* v. *Asche,* 113 id. 232, where a trust of the whole property was created which could not have become effective and could not have functioned if the intent that the widow was to have her dower in addition to the testamentary provisions in her favor, was imputed to the decedent.   Here no such situation obtains.

One other matter is to be considered, namely, that the decedent gave his executors a power of sale, but that fact also has been held not to be conclusive.   *Konvalinka* v. *Schlegel, supra.*   Even in *Matter of Gorden, supra,* it was held that if there is a reasonable

doubt, the widow takes both, and that the intention must appear from the will itself in the light of existing facts. See, also, *Horstmann* v. *Flege, supra.*

There being no specific direction with respect to the matter, and the claim of dower not being inconsistent or repugnant to the provisions of the will, I am not permitted to speculate as to the intent of the decedent, and under the rules of law must hold that she is entitled to her dower in addition to the provisions made for her in the will.

Costs to be taxed will be allowed to the petitioner and the respondents. Settle decision and decree accordingly.

Decreed accordingly.