In the Matter of the Construction of the Last Will and Testament of JAMES A. HART, Deceased.

Surrogate's Court, Westchester County, December, 1923.

Wills — construction — when phraseology of will will be deemed to express testator's intention to give widow life estate, with right to use the corpus of the estate.

Words in a will which by any reasonable construction may be made significant are never to be rejected as meaningless.

A clause of the will of testator by which he gave all the rest, residue and remainder of his estate, real and personal, to his wife during her life. was followed by a clause by which he gave all the rest, residue and remainder of his estate, remaining after her death, both real and personal, to one of his sons and one of his daughters as trustees, with direction to sell and convey by good and sufficient deeds of conveyance any and all real estate remaining unsold at the death of his wife, at either public or private sale as their judgment dictated. The trustees were authorized and empowered to pay from the proceeds of any such sale all the expenses thereof and were directed to add the remainder to the residue of the personal estate and the whole residuary estate paid over in stated amounts to testator's two sons and four daughters. The wife of testator and one of his daughters as executrices and one son as executor were given power of sale over any and all of the testator's real estate at such time and in such manner as directed by his wife, the proceeds of such sale or sales to be used by her during her lifetime, with the further direction that said executrices and executor give good and sufficient deeds of conveyance in case of any such sale. *Held*, that the case fell within the line of those cases which tend to enlarge the estate of the wife as life tenant and limit the gift over to the remaindermen.

Giving the language of the will its natural meaning, the testator intended that his wife should have not only the income arising from the property but the right to use that property for her individual benefit during her lifetime as she might deem proper.

The words " remaining after her death," " the residue of my personal estate," " if the residue of my estate remaining," " the use of the proceeds of sale of the real estate," cannot reasonably be construed other than as the expression of an intention upon the part of the testator to limit the gift over and to permit his wife to use the corpus of the property.

PROCEEDING to construe a will.

*John T. Sackett*, for Annie E. Hart, widow.

*Joseph E. Greene*, for respondents.

SLATER, S. James A. Hart died January 25, 1923, leaving a last will and testament executed November 3, 1919. He left him surviving the petitioner, Annie E. Hart, his widow, and six children. The estate of the testator consists of real and personal property of the value of about $41,000; the home in the village of Ossining, N. Y., occupied by the testator and family, is valued

at $16,000, other real estate is valued at $10,000, and the personal property is valued at $14,625. The widow is seventy-three years of age. The will provides for the payment of his just debts and funeral expenses. The following clauses of the will involving a construction of the instrument, I have deemed it advisable to set forth in full:

" *Third.* All the rest, residue and remainder of my estate, real and personal and wherever situated, I give, devise, and bequeath to my wife, Annie E. Hart, for and during the time of *her natural life.*

" *Fourth.* Upon the death of my said wife, Annie E. Hart, I give, devise and bequeath *all the rest, residue and remainder of my estate, remaining after her death, both real and personal,* to my son, James A. Hart, Jr., and my daughter, Annie May Parsons, in trust, nevertheless, for the following uses and purposes:

" I direct that my said son, James A. Hart, Jr. and my said daughter, Annie May Parsons, shall sell and convey any and all of my real estate *remaining unsold at the time of the death of my said wife,* at either public or private sale, as in their judgment shall seem best, and I hereby authorize and empower them to give good and sufficient deeds of conveyance therefor, and to pay out of the money arising from such sale, all the expenses thereof, and the money remaining in their hands after such expenses have been paid to be *added to the residue of my personal estate,* and the whole residuary estate paid over as follows:

" To my son, Glenworth B. Hart, two thousand dollars ($2,000.00). To my son, James A. Hart, Jr., two thousand dollars ($2,000.00). To my said daughter Annie May Parsons, three thousand dollars ($3,000.00). To my daughter Sarah Allene Kipp, three thousand dollars ($3,000.00). To my daughter Nella Viola Williams, three thousand dollars ($3,000.00). To my daughter Edna Louise Morgan, three thousand dollars ($3,000.00).

" *If the residue of my estate remaining at the death of my said wife, shall not be sufficient to pay the above named bequests,* then I direct my said son and my said daughter as such Trustees to pay to each of my said children above named, *their proportionate share of any such residue or remainder.*

" If after the payment of the above bequests there shall still be a remainder in the hands of my said daughter I direct that such residue or remainder shall be divided between all of my children, including my daughter Philena Hart, share and share alike.    *   *.   *

" *Lastly.* I hereby nominate and appoint my wife, Annie E. Hart, and my daughter, Annie May Parsons, executrices, and my son, James A. Hart, Jr., executor of this my last Will and

Surrogate's Court, Westchester County, December, 1923.    [Vol. 122

Testament, hereby revoking all former wills by me made.  And I also hereby authorize and empower my said executrices and executor to sell and convey any and all of the real estate of which I may die seized at *such times and in such manner as directed by my wife, Annie E. Hart, the proceeds of such sale or sales to be used by my said wife during her lifetime,* and upon any such sale being made I direct my said executrices and executor to give good and sufficient deeds of conveyance therefor."

That a legal life estate is created by the 3d paragraph, there can be no doubt.

The question presented is as to what was the intention of the testator in reference to the authority which his wife should have in the use of the estate, the enjoyment of which was bequeathed to her during her life by the 3d paragraph of the will.  Has the widow the power of diminishing the corpus?

In *Tillman* v. *Ogren*, 227 N. Y. 495, 502, the principle is set forth that " a gift to one followed by a gift to another of such part thereof as may remain at the decease of the first taker, can be enforced when the intention of the giver is clear and definite to limit the gift to the first taker to a life estate with power to dispose of the principal or any part thereof during his lifetime and to give to another such part of the principal as is not disposed of in the lifetime of the first taker."  *Matter of Sweeney*, 120 Misc. Rep. 663–666; *Matter of Ithaca Trust Co.*, 220 N. Y. 437.

Judge Hogan in *Rezzimini* v. *Brooks*, 236 N. Y. 184, 191, upholds this principle and said:  " On the contrary, in concise language, she provided that the principal, ' *or so much thereof as may then remain,*' should be paid to the remaindermen, clearly indicating that her son was to be supported and maintained, *first*, from the income so far as the same would suffice, and *second*, from principal in such amount as might be necessary in addition to income, to properly support and maintain him.  In the absence of the words italicized the remaindermen upon the death of John would have succeeded to the principal of the trust.  The presence of the words, however, does not entitle the remaindermen to any estate in the property of the testatrix save only in the event that upon the death of the life beneficiary a part of the principal then remains undisposed of."

In support of the construction which would permit only the use of a life estate are the cases of *Matter of Skinner*, 81 App. Div. 449; affd., 180 N. Y. 515; *Owens* v. *Owens*, 64 App. Div. 212; *Matter of Runcie*, 36 Misc. Rep. 607; *Jessup* v. *Fenton*, 47 App. Div. 622; *Matter of Felt*, 235 N. Y. 374.

Sustaining the contention of the petitioner is the case of *Leggett* **v.**

*Firth,* 132 N. Y. 7.   The testator had devised real estate to his wife for life, on her death the remainder *if any* to his children. The court held that the language of the will clearly indicated that the children were not entitled to any estate in the property save only *if any* remained at the death of the wife; that by the express terms of the will the testator empowered his wife to dispose of the corpus of the estate during her lifetime.   In *Seaward* v. *Davis,* 198 N. Y. 415, a like construction was adopted where the language following the bequest was " whatever remains." *Thomas* v. *Wolford,* 49 Hun, 145, was a case where the words " should there be any (property) left " were held to give the widow a right to use the corpus during her lifetime.   " All that may remain and be left is to go to her daughter " were considered ample words creating the right of the use of the corpus in *Mitchell* v. *Van Allen,* 75 App. Div. 297; *Kendall* v. *Case,* 84 Hun, 124; *Terry* v. *Wiggins,* 47 N. Y. 512; *Baumgras* v. *Baumgras,* 5 Misc. Rep. 8.

In my opinion the cases cited in support of the construction which would limit the use of the wife to a life estate are clearly distinguishable from the instant case.   In *Matter of Runcie, supra,* the argument for the use of the corpus was founded upon the employment of the words at the beginning of the paragraph (p. 608): " All the rest residue and remainder of my estate real and personal I give, devise and bequeath to my wife    *    *    *."   There is nothing contained in the will from which a suggestion   or hint can be inferred that the donee may use the corpus.   On the contrary, the clause referred to contains the customary and suitable, and perhaps usual language for the creation of an estate for life.

In *Owens* v. *Owens, supra,* the court held that the words " if any there be " were intended only to apply to what may remain after the payment of the legacies mentioned, and being given this significence, will not operate to enlarge the life estate.   In *Matter of Skinner, supra,* the testator used the words " all the rest and residue thereof then remaining."   The court held the clause is susceptible of a reasonable construction without enlarging the scope of the bequest.

It is the court's opinion that the instant case falls well within the line of cases above cited which tend to enlarge the estate of the life tenant and limit the gift over to remaindermen.   Words employed in wills are never to be rejected as meaningless if by any reasonable construction they may be made significant.   *Matter of Buechner,* 226 N. Y. 440.   We must seek the intent of the testator as exhibited by the words he has selected (*Matter of Bump,* 234 N. Y. 60); the intent which the will itself, either expressly or by implication, declares.   *Matter of Silsby,* 229 N. Y. 396, 402.

Surrogate's Court, Westchester County, December, 1923.    [Vol. 122

The 3d paragraph in its entirety creates a simple life estate. The 4th paragraph at its beginning limits the gift over to the rest, residue and remainder " *remaining after her death, both real and personal.*" The same paragraph speaks of the real estate remaining unsold at the time of the death of my said wife, and that the avails of real estate made after her death shall be added " to the residue of my personal estate." And again in the same paragraph these words are used: " If the residue of my estate remaining at the death of my said wife, shall not be sufficient * * * " then the gift over must abate proportionately. The last paragraph containing the power of sale likewise reflects the intention of the decedent. The real estate may be sold in such manner and *as directed* by the wife, " the proceeds of such sale or sales to be used by my said wife during her lifetime." Standing alone this clause may fall within the ruling in *Matter of Felt, supra,* but it must be read with the entire will. Even with this clause omitted there is ample language in the will to support petitioner's views. The bequests made by the testator to his children are not inconsistent with an intention on his part to empower the life tenant to dispose of the principal of the life estate bequeathed to her.

There is a marked distinction between the clauses in the wills of the cases cited in support of the contention of the respondent and the will in the instant case. The whole tenor of the will shows it was the intention of the testator that his wife should have the right to use the principal of the estate as well as the income. Provisions for the benefit of a wife should be construed liberally in her favor. *Moffett* v. *Elmendorf,* 152 N. Y. 475.

Giving to the words of the will their natural meaning it seems to me quite plain that the testator intended that his wife should have not only the income arising from the property given, but the right to use that property for her individual benefit during her lifetime and hence to the use of the same or any portion thereof as she might deem proper. Otherwise it may be asked why the testator employed so many unnecessary words if he only meant to create a legal life estate for the widow. The words " remaining after her death; " " the residue of my personal estate; " " if the residue of my estate remaining; " " the use of the proceeds of sale of the real estate; " certainly should be given some meaning, and I can conceive of no reasonable construction to be placed upon them other than the expression of an intention upon the part of the testator to limit the gift over and to permit his wife to use the corpus of the property. Whether the children took anything depends upon a contingency, plainly implied from the context of the will itself.

Misc. 129]     Surrogate's Court, New York County, December, 1923.

The court will construe the will and hold that the widow took a life estate, with the right to diminish the corpus for her own needs and benefit, as she may see fit, during her lifetime, with remainder over of such part as she might not actually use for her needs to the persons named in the will.

Decreed accordingly.