Surrogate's Court, Kings County, February, 1925.    [Vol. 125

of the temporary life estate until the age of twenty-five years as against Arthur W. Bingham, Jr. The report should also contain the value of the transfers under the various other contingencies of the will in order that a proper maximum and minimum order may be made.

Submit order accordingly.

---

In the Matter of the Petition of SOPHIE HOLLMANN, to Render and Settle Her Account as Executrix, etc., of JOHN H. HOLLMANN, Also Known as JOHN HOLLMANN, Deceased.

Surrogate's Court, Kings County, February 11, 1925.

Wills — construction — will gave widow life estate in real and personal property with power of disposition of personalty in her lifetime — gift to child, dying during decedent's lifetime, construed as gift to remaining children as tenants in common — widow entitled both to dower and to beneficial provisions contained in will.

A will which gives the testator's widow a life estate in both the real and personal property, to which is added the power of disposition of the personalty in her lifetime, should be construed, upon the death, during decedent's lifetime, of a child to whom had been bequeathed one-fifth of the remainder in the residuary estate, as a gift for the named children of the decedent as tenants in common rather than to them as a class.

Moreover, in the absence of anything in the will, express or implied, requiring the widow to elect between dower and the provisions contained in the will for her benefit, she is entitled to both.

PETITION by executrix for the settlement of her account.

*Richter & Ross,* for the petitioner.

WINGATE, S.:

Under paragraph " second " of decedent's will there is devised to his widow a life estate in his real and personal property, to which is added a power of disposition in her lifetime of his personal property. (*Leggett* v. *Firth,* 132 N. Y. 7; *Seaward* v. *Davis,* 198 id. 415; *Baumgras* v. *Baumgras,* 5 Misc. 8; *Thomas* v. *Wolford,* 49 Hun, 145; *Kendall* v. *Case,* 84 id. 124; *Mitchell* v. *Van Allen,* 75 App. Div. 297; *Matter of Hart,* 122 Misc. 124.)

The death of Edward Hollmann, unmarried, during the lifetime of the decedent has resulted in intestacy as to the one-fifth of the remainder in the residuary estate designed for him. (*Wright* v. *Wright,* 225 N. Y. 329, and cases cited at p. 341; *Matter of Barrett,* 132 App. Div. 134.) The gift was intended for the named children of the decedent as tenants in common, and not to them as a class.

There is no language in the will, which, by expression or implication, requires the widow to elect between dower and the provisions

contained in the will for her benefit. She is, therefore, entitled to both. (*Konvalinka* v. *Schlegel*, 104 N. Y. 125; *Horstmann* v. *Flege*, 172 id. 381; *Matter of Ellinger*, 120 Misc. 276, and cases cited.) Let a decree be presented accordingly.