In the Matter of the Estate of RUDOLPH HERING, Deceased.

Surrogate's Court, New York County, August 14, 1925.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the Guaranty Trust Company of New York, executor.

*Truesdale, Nicoll, Falk & Gale,* for Hermine Hering, executrix.

O'BRIEN, S. In this accounting proceeding, a construction is sought of the 2d paragraph of decedent's will, which reads as follows: " I also give, devise and bequeath the sum of $4,000 to be divided between my female cousins living at the time of my death, share and share alike." The questions presented are: (1) Whether the term " cousins " means first cousins, and (2) whether or not decedent's widow, who is also a first cousin of decedent, is entitled to share in this legacy. Ordinarily the word " cousins " denotes the sons or daughters of the brothers or sisters of one's father or mother. " For convenience it is presumed that a testamentary gift to ' cousins ' is meant to include first cousins only, if there be such." (Schouler Wills & Administration, § 536.) At the time testator executed his will he had four first cousins and several second cousins. Two of the first cousins survived him. Nothing in the will or in the surrounding circumstances indicates that he used the word " cousins " other than in its ordinary and restricted sense, viz., inclusive of first cousins only. The widow of the decedent was one of the two surviving first cousins

of decedent. Her marriage to him did not alter that relationship. Again, there is no indication in the will or otherwise of an intention upon the part of decedent to limit her benefits under the will to the provisions of paragraph " fifth." In the absence of such indication I am of the opinion that the 2d paragraph should be construed literally. In this instance the literal construction is a liberal construction in favor of decedent's wife and in conformity with the principle followed in *Moffett* v. *Elmendorf* (152 N. Y. 475, 487) and in *Matter of Hart* (122 Misc. 124, 128).

I hold, therefore: (1) That by the 2d paragraph of the testator's will he intended that $4,000 should be equally divided between his surviving female *first* cousins, and (2) that if his widow survived him she should participate in that legacy. Submit decree on notice construing the will and settling the account accordingly.