In the Matter of the Estate of JOHN UZMANN, Deceased.

Surrogate's Court, Queens County, December 17, 1931.

*Herman Block*, for the petitioner.

*Jacob A. Visel*, for the respondent.

*William A. Bacher*, for the objectant.

HETHERINGTON, S. In this accounting proceeding objections have been interposed to the account of the surviving executrix, the widow of the testator, by the legal representative of a deceased son and by one of the living sons. Upon the hearing the objectors challenged the widow's claim for dower asserted in her account. The proper disposition of this objection requires an examination and

construction of the testator's will. After providing for several specific and general legacies, the testator by the seventh paragraph disposed of his residuary in the following manner: " All the rest, residue and remainder of my property, both real and personal, of which I may die seized and possessed, I give, devise and bequeath to my wife, Barbara Uzmann, for and during her lifetime, and after her decease, I give, devise and bequeath the same to my children, Wilhelmina J. Norman, Barbaretta M. Uzmann, John H. Uzmann, Frank J. Uzmann, Joseph M. Uzmann, Louis E. Uzmann and Isabella C. Uzmann, share and share alike. In the event any of my said children shall be dead, leaving issue, then I direct that said issue shall take the share its parent would have taken if alive."

In the decree admitting the will to probate this court held that it was the intention of the testator to give his wife " a life estate in all his real property, with full custody, control and management thereof," and reserved the question of the custody and management of the personal property until an accounting. In approaching a determination of this question I cannot overlook the fact that " Courts have always been tender of the right of dower, and solicitous to protect it." (*Fern* v. *Osterhout*, 11 App. Div. 319, 323.) It is also true that " while dower is favored by the law, the right to both dower and the benefit of a testamentary provision must yield to the intention of the testator when expressly stated or clearly implied. If there is reasonable doubt the widow takes both, but when the intent to limit is clear she is put to her election. This intent must appear from the will itself, read in the light of existing facts." (VANN, J., in *Matter of Gorden*, 172 N. Y. 25, 28.) Similar language was employed by the same court in *Horstmann* v. *Flege* (172 N. Y. 381). In *Rubenstein* v. *Rubenstein* (221 App. Div. 612) COCHRANE, P. J. (at p. 614), says: " The rule is well established that where there is no direct expression of intention in the will that the testamentary provisions should be in lieu of dower the question is whether the will contains any provision inconsistent with the assertion of a dower right." In *Konvalinka* v. *Schlegel* (104 N. Y. 125, at p. 129) ANDREWS, J., says: " We repeat, the only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit given by the will."

KETCHAM, S., in discussing the cases where the courts have held that there existed a manifest incompatibility between the provisions of the will and the claim of dower, writes in *Matter of Fitter* (92 Misc. 706, at p. 708) as follows: " It is held that the trust is not repugnant to the assertion of dower, unless it is apparent

that the trust requires the possession and control by the trustee of the entire lands involved; and the courts have generally looked to see whether, among the trust provisions, there was a direction that the trustees should perform specific duties with respect to the lands, which by their nature would require entry upon the premises and the complete and exclusive management thereof. Thus, the duty to make repairs and improvements, to insure buildings, to mortgage and to lease, or otherwise deal with the premises in a manner which would be impossible if there were an assignment of dower by metes and bounds, has been held to be controlling evidence of an intention to exclude the widow from any right or relation to the lands."

Here there is neither any direct expression in the will excluding the widow from her dower, nor the creation of any valid trust. The testator has simply given his widow a life estate in his real and personal property with remainder over. Such a devise is not inconsistent with the right of dower. (*Lewis* v. *Smith*, 9 N. Y. 502; *Konvalinka* v. *Schlegel, Matter of Gorden, Horstmann* v. *Flege, supra; Matter of Hollmann*, 125 Misc. 790.) No distinction can be made between this case and those just cited. I hold that the widow is entitled to both dower and the benefit of the testamentary provision made for her, and overrule the objections of both objectors. Dower must be computed upon the value of the lands at the date of death of the testator. (*Sidway* v. *Sidway*, 52 Hun, 222; Rules Civ. Prac. rule 243.) The record does not show the value of the testator's real estate at the time of his death, and unless the parties are willing to stipulate the same, the proceeding will be restored to the calendar for the purpose of supplying the necessary proof. This may be done by serving five days' notice of hearing and filing proof of service of same with the clerk.

Objection is also made to the failure of the accountant to include the sum of $18,000 received by her in November, 1929, from the estate of the deceased executor in compromise and settlement of certain claims made against his estate. Even if not conceded by the parties, the testimony establishes that there was then due for interest on principal moneys which had been withdrawn from the estate by the deceased executor the sum of $16,226.51, together with the sum of $2,660, representing a balance due from the deceased executor and his brother Frank on the purchase by them of their father's one-half interest in the shoe business which he had conducted during his lifetime. In view of the fact that the accounting executrix is entitled under the terms of her husband's will to the entire income of his residuary estate and has charged herself with the full amount of the sales price of the deceased's business, she became

entitled to the sum so received and is under no obligation to account for its receipt or disposition. In connection with the compromise and collection of the foregoing sum, legal services were necessarily rendered to the executrix, the cost of which she seeks to charge against the estate. Although this objection was withdrawn upon the hearing, it is now urged that the amount so paid should be charged against income. While it is true that the accounting party reaped a personal benefit, the compromise and collection was purely an estate rather than a personal transaction, and under the circumstances the amount paid is properly chargeable against principal.

Objection is also made to the fact that a large portion of the corpus of the estate is represented by unsecured loans made by the executrix to six of the remaindermen. These loans cannot be regarded as legal investments. All the parties are chargeable with knowledge of their illegality. These loans must be repaid or secured in such a manner as to make them legal investments. As the estate has not as yet suffered any loss, I will make no direction removing the accounting party as executrix until she has had an opportunity to recover or properly secure the moneys improperly loaned to the remaindermen. As a supplemental account will be necessary to show compliance with the above direction and to include certain assets concededly omitted from the present account, I will refrain at this time from passing on the question of commissions.

The objections of Frank J. Uzmann are overruled, and those of Inies M. Uzmann are disposed of as follows: Objections first, third, fourth and seventh are overruled. Objection second is sustained. Objection fifth is withdrawn, and as the matters the subject of objections sixth and eighth may be pressed again after the filing of a supplemental account, I deem it unnecessary to make any rulings thereon at this time. Proceed accordingly.