In the Matter of the Estate of OTTO G. SCHOETTKE, Deceased.

Surrogate's Court, Richmond County, November 17, 1936.

*John M. Braisted, Jr.*, for the executrix, Ella Schoettke.
*Walter Klein*, special guardian.

SMITH, S. The executrix of the will of the testator has applied to this court for a judicial settlement of the account of her proceedings thereunder, and for an interpretation of the meaning and effect of the third paragraph of said will to determine the rights and interests of the distributees in said will named.

The said third paragraph reads as follows, viz.: " I give, devise and bequeath to my beloved wife, Ella Schoettke, an undivided one half of all my estate, real, personal and mixed, during the term of her natural life, and upon her death the balance to go to my said daughter, Elsie A. Schoettke."

It will be noted that the gift to the widow is of an undivided one-half of the testator's estate, for life, with " balance " to his daughter, Elsie A. Schoettke, and it appears from the will by the clause or paragraph preceding the one of which interpretation is requested, that an undivided one-half of all of testator's estate was also given to his daughter, Elsie A. Schoettke, in fee.

From all which it would appear that the daughter and not the widow was intended to be the chief beneficiary under said will as she would receive thereunder the entire estate, subject only to the life estate of the widow in a one-half part, unless as claimed by said widow she has the power to encroach upon the principal of one-half part thereof by reason of the wording of said gift and her needs.

A careful examination of the language used in said paragraph and also of the entire will indicates that the only basis of the widow's claim to invade the principal of the gift to her is predicated upon the word " balance " as used in said paragraph, as that is the only word that is at all ambiguous in the words of the gift. Undoubtedly the court can take judicial notice that said word as used means remainder. But if said word " balance " is a patent ambiguity and the court is required to interpret the meaning of the word, reference to the Standard Dictionary shows the meaning of the word " balance," viz.: " Balance: Com. To adjust, as an account: (1) by paying the difference between debit and credit; (2) by equalizing the totals of debits and credits; as, to balance the books; that item balances the account. (3) To offset." And then continues, " Balance is a much-abused word. As an accountant's term, the balance is that which must be added to the less or subtracted from the greater of two amounts, as receipts and expenses, to make them equal, so as to ' balance ' the account; *it does not properly denote what is left of anything after a part has been taken away;* that is the remainder." (Italics mine.)

Also reference to Roget's International Thesaurus of English Words and Phrases (Mawson Ed. 1931) shows that the word "balance" is a synonym of the word remainder, viz., balance (commercial slang).

The will was prepared by an attorney, "learned in the law," and whether the word was used by the testator, in his instructions to the attorney, to indicate his desire in relation to the gift over, or by the attorney to effectuate the gift, is immaterial, for the word "balance" means "remainder," and the word "remainder" will be substituted for the word "balance," so that the gift over will read "the remainder to go to my said daughter, Elsie A. Schoettke."

However, whether the word "remainder" or some other word of similar meaning is substituted for the word "balance," can it be held that the language of the gift over implies a power to the widow to invade or encroach upon the principal of her life estate?

In *Matter of Skinner* (81 App. Div. 449; affd., 180 N. Y. 515), where the gift was for life with a gift over of the "residue thereof then remaining," the court said, "Many authorities are cited by the counsel for the respondent to uphold the conclusion reached by the surrogate, but they are not applicable. These cases may be divided into two classes: *First*, those in which an estate in fee is devised and which is sought to be pared down by a subsequent clause. The courts adhere quite rigidly to the rule not to defeat the primary purpose unless the intent of the testator so to do is manifest. This series of cases rest upon a rule of construction peculiar to itself. The reasoning upon which it is based carried to its full extent supports the principle by analogy for which we are contending. *That is, where the will in unambiguous language gives a specific estate it will not be amplified or lessened by subsequent provisions unless it is apparent it was the intention of the testator so to enlarge or lessen it*" (Italics mine), and continuing said: "*Second*, that class of cases where the interjected clause, kindred in expression, we concede, to the one in the will under discussion, limits the ultimate taking to what may be left after the widow has used whatever she needs. In each of those cases there was a bald, naked clause unexplained by any other part of the will, and this clause had to be interpreted literally or rejected wholly. These are both technical canons of construction, and after all each will depends upon its own language for its interpretation, the overruling principle being that the intent of the testator as gathered from the language used must dominate. *Owens* v. *Owens* (64 App. Div. 212) and *Matter of Runcie* (36 Misc. Rep. 607) are in line with our position."

And the life estate was not extended.

In *Owens* v. *Owens*, cited in *Matter of Skinner* (*supra*), an estate was given to a widow for life with remainder, " if any there be," and it was there held that the widow had only a life use, and that the words used did not enlarge her estate as life tenant.

In *Leggett* v. *Firth* (132 N. Y. at p. 7) (a case much cited on construction of wills on invasion of principal, in cases of gifts over) the gift was absolute to the widow, with a gift over " on her decease, of the remainder thereof, if any," and it was there held that the widow had the power of invasion.

In *Seaward* v. *Davis* (198 N. Y. 415), where like *Leggett* v. *Firth* (*supra*) there was an absolute gift to the widow, with a gift over of " whatever personal estate may remain," it was held that the widow also had the power of invasion.

Many cases have been cited by the attorney for the executrix in his brief to uphold his contention that the gift to the widow permits an invasion of the principal, but none are applicable, for in every case cited, whether in relation to an estate in fee which was cut down by a subsequent clause, or in relation to a life estate where the gift over was accompanied by a clause unexplained by any other part of the will, the gift over was accompanied by words which had to be interpreted literally or rejected wholly.

However, no such words accompany the gift to the widow in the present instance, and the said third clause of the will only contains words suitable to create a life estate, with remainder over to testator's daughter, and in the words of *Matter of Runcie* (*supra*), if any additional right is given to the widow to appropriate to her use anything from the corpus of the estate, it cannot be spelled out from the clause under discussion, nor is this intention disclosed by a reading of the will.

The decree to be entered upon accounting will construe will to give only a life estate in one-half of testator's property to his widow and without power of invasion, and as the widow has, as shown by her account, evidently upon the mistaken theory that she could use the principal of testator's estate for her own use, used a considerable portion of the funds of the life estate, she, as executrix, is directed to file an amended account showing the fund without diminution.