Alonzo J. Prey, S.
This is a proceeding instituted by the First National Bank of Olean, New York, trustee duly appointed, for a construction of certain portions of the last will and testament of the deceased, to determine: A. Whether certain legacies contained in paragraphs fifth, sixth, seventh of the will became vested on the death of the testator or are contingent on said legatees surviving Alice Watkins McCutcheon, the life beneficiary, and in respect to paragraph eighth, whether the bequest to the decedent’s nephew, Ralph, is vested, or contingent on his survival of the decedent’s brother, Ralph, and B. Whether the widow is entitled to her dower interest in certain real estate owned by the testator at the time of his death and known as No. 12 and 14 South Main Street in the Village of Franklinville, New York, in addition to the testamentary benefits which she receives as life beneficiary of the trust created by the decedent.
The testator died on the 5th day of June, 1953, his last will and testament was duly admitted to probate on the 22nd day of June in that year and letters testamentary were duly issued to the First National Bank of Olean, New York, the executor named in said will and thereafter, said executor filed its final account as executor of the estate and was discharged by decree of this court on the 22nd day of January, 1958. Thereupon, the said First National Bank of Clean, New York, duly qualified as trustee and under letters of testamentary trusteeship has been managing the trust since that time.
The pertinent provisions of the will of said deceased, construction of which is being sought, are found in paragraphs fourth and ninth thereof, as follows: fourth. All the rest, *1018 residue and remainder of my property both real and personal, I give, devise and bequeath to the First National Bank, of Olean, New York, in trust, nevertheless, for the following purposes : to invest and keep invested the principal of my said estate and pay to my wife, Alice, the sum of $275 per month whether from interest or principal and in case of necessity, I direct the said First National Bank to invade the principal to the extent that my said wife’s income shall in the aggregate not exceed $5,000 per year, ninth : I hereby appoint the First National Bank of Olean, New York, my trustee to carry out the foregoing provisions of my will, provided, however, that upon the death of my wife, Alice, their trusteeship shall cease and my brother, Ralph, shall have the custody and control of the assets of my estate to carry out the foregoing provisions of my will relating to his use of my property and distribution after his death except that the foregoing provisions as to Rosa Meyer and Clyde Blackmon shall apply immediately at the death of my wife, Alice.
The paragraphs which contain the bequests which the petitioner seeks to have construed as to whether or not they are vested interests are found in paragraphs fifth, sixth, seventh and eighth of the will as follows: fifth : At the death of my said wife, I give, devise and bequeath to Clyde Blackmon the house and lot now occupied by him on North Academy Street. sixth : At the death of my said wife, I give, devise and bequeath to Rosa Meyer my home on South Main Street together with the furniture, therein, and the sum of $5,000. seventh : At the death of my said wife, I give to my brother, Ralph, the sum of $10,000 together with the use of all the rest and remainder of my property with the right to invade the principal so that his income from said fund shall aggregate not to exceed $2,000. eighth : At the death of my brother, Ralph, I give and bequeath to my nephew, Ralph, the sum of $5,000.
The court shall deal with the two independent questions in the order that they appear above.
The testator at the time of his death owned a certain parcel of improved real property known as No. 12 and 14 South Main Street in the Village of Franklinville, New York. This property was purchased by the decedent during coverture, prior to 1930 and, therefore, the widow, unless otherwise deprived of dower, becomes endowed of one third of the income therefrom and one third of the proceeds of the sale thereof.
This property was rented and in January, 1957, the trustee, on advice of its then counsel, paid to the widow one third of the net rentals as her dower interest therein for the period June 6, 1953, through December 31, 1956.
*1019 Thereafter, and on the 10th day of October, 1957, said property was sold and the widow has demanded her dower interest in the proceeds of said sale.
The testator did not in any manner state in his will that the provisions for her benefit in the trust constructed in paragraph fourth thereof should be in lieu of dower. The rule is well established in this State by many cases that where there is no direct expression of intention on the part of a testator in his will that the testamentary provisions for the benefit of the surviving widow shall be in lieu of dower, the widow will be entitled to dower in addition to said trust provisions without an election so to take, unless it is clearly discernible in the words and language of the will that such a finding would be inconsistent and incompatible with the general scheme or plan set forth in the will or that the testamentary provisions in her favor were intended as a substitute for her dower interest.
It has been held that where the whole estate was given in trust with the directions to pay the whole income to the surviving widow, that dower rights would not be permitted for to give the widow in such case dower interest, would be clearly inconsistent with the general plan or scheme of the will.
A careful examination of the language of the will in this case, however, does not reveal words or a plan or scheme in the testamentary provisions for the benefit of the surviving widow which are inconsistent with or incompatible with a finding that she is also entitled to dower rights in that part of the real estate of the testator in which said widow is demanding dower interest. The decedent gave in addition to testamentary provisions for his wife, $5,000 to his brother, Ralph. He limited the benefits to which she would be entitled under the trust created to the sum of $275 per month, but did provide that in the event that necessity required, power in the trustee to invade the principal to the extent that her income shall in the aggregate not exceed the sum of $5,000 per year. A careful examination of all of the other language in the will which made bequests to various persons are not inconsistent with a finding that she should have, in addition to the benefits under the trust, her dower interest in this particular piece of real property. (Konvalinka v. Schlegel, 104 N. Y. 125; Matter of Gorden, 172 N. Y. 25; Matter of Ellinger, 120 Misc. 276.)
I conclude, therefore, that since the language of the will did not state expressly that the testamentary provisions for the benefit of the widow were in lieu of her dower interests and since the terms of the will and the general scheme and plan thereof are not inconsistent with a finding that she be entitled to her *1020 dower interest, that in addition to the testamentary provisions in paragraphs fourth and ninth of the will, she also is entitled to her full dower interest in the rentals from and in the proceeds realized from the sale of the real property known as No. 12 and 14 South Main Street in the Village of Franklinville, New York.
With respect to the bequests made in paragraphs fifth, sixth, seventh and eighth of the will, I find that section 40 of the Real Property Law is so unmistakably clear with respect to these bequests, that citation of authority is not necessary to determine that the bequests in each of said paragraphs of said will are vested interests. A vested interest is one when there is a person in being, who would have an immediate right to the possession of the property, on determination of all intermediate or precedent estates. Such a situation existed in this case at the time of the death of the decedent. Therefore, I conclude and hold that the bequests made in paragraphs fifth, sixth, seventh and eighth of said will became vested in the beneficiaries thereof on the death of the testator.